UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vietnam Veterans of America, et al., | No. C 09-0037 CW (JL) |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES (DKT. #76)** |
| Central Intelligence Agency, et al., | |
| Defendants. | |

**Introduction**

All discovery in this case has been referred by the district court (Hon. Claudia Wilken) pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72-1. Plaintiffs' motion to compel responses to interrogatories came on for hearing. Gordon P. Erspamer of Morrison & Foerster, LLP, San Francisco, appeared for Plaintiffs. Caroline Lewis Wolverton of the U.S. Department of Justice, Washington, D.C., appeared for Defendants.

The Court carefully considered the moving and opposing pleadings and the arguments of counsel, and hereby grants the motion to compel responses to interrogatories. Defendants shall respond to Plaintiffs' interrogatories within 30 days of issuance of this order.

This Court further orders both parties to engage in meaningful meet and confer sessions to resolve any outstanding discovery disputes. If discovery disputes still remain

1  after the meet and confer sessions, the parties are ordered to file joint statements, not
2  individual statements.

## Relevant Factual & Procedural History

Plaintiffs Vietnam Veterans of America (VVA), Swords to Plowshares: Veterans Rights Organization and six individual veterans ("Plaintiffs") assert claims against Defendants Central Intelligence Agency (CIA), et al. ("Defendants"), arising from the United States' human experimentation programs from approximately 1950 through 1975. In September 2006, some, but not all, participants in these programs received letters from the Department of Veterans Affairs (DVA), advising them that the Department of Defense (DOD) had authorized them to discuss their exposure to various chemical agents with their health care providers. Although some participants have been notified and have received information on their exposure, others have not.

Plaintiffs allege that beginning in the early 1950s, the CIA and the Army engaged in experiments involving human subjects. The purposes of the experiments ranged from developing new biological and chemical weapons to researching "psychological warfare." The experiments exposed participants to various chemicals, drugs, and the implantation of electronic devices. Many of the tests occurred at Edgewood Arsenal and Fort Detrick, both located in Maryland. Approximately 7,800 armed services personnel, including the six individual veterans named in this action, volunteered to participate in the experiments. However, the volunteers participated without giving informed consent because the risks of the experiments were not fully disclosed. Test participants were required to sign a secrecy oath.

Plaintiffs filed their original complaint on January 7, 2009, amended it for the first time on July 24, 2009, and then filed their Second Amended Complaint (SAC) on December 17, 2009. Plaintiffs requested declaratory and injunctive relief. Plaintiffs have not filed a jury demand. Defendants moved to dismiss or, in the alternative, for summary judgment. On January 19, 2010, Judge Claudia Wilken granted Defendants' dispositive motion in part and denied it in part. *Vietnam Veterans of Am., et al. v. Cent. Intelligence*

1  *Agency*, No. 09-0037, 2010 WL 291840, at *1 (N.D. Cal. 2010). The Court's ruling reduced
2  the number of remaining claims to: (1) the validity of the secrecy oaths; (2) whether the
3  individual Plaintiffs are entitled to notice of chemicals to which they were exposed and any
4  known health effects; and (3) whether Defendants are obligated to provide medical care to
5  the individual Plaintiffs. Plaintiffs filed this Motion to Compel Responses to Interrogatories
6  on April 19, 2010 and Judge Wilken referred the motion, and all further discovery motions,
7  on April 21, 2010. The next Further Case Management Conference is set for January 5,
8  2012 and the Bench Trial is set to begin on March 26, 2012.

9  Plaintiffs initially served Defendants with 43 interrogatories on November 16, 2009.
10  Plaintiffs then served their Second Set of Interrogatories on December 23, 2009, and an
11  Amended Second Set of Interrogatories on December 29, 2009, bringing Plaintiffs' total
12  interrogatories to 49. On January 5, 2010, Defendants served objections to the
13  interrogatories on grounds that there were more than 25. Plaintiffs' counsel responded on
14  January 11, 2010 by stating that, given the nature and complexity of this case, the default
15  limit of 25 interrogatories would be inadequate. However, on February 19, 2010, Plaintiffs'
16  counsel agreed to reduce the number of pending interrogatories to 25. Without having the
17  opportunity to review the narrowed set, but based on Plaintiffs' assertions that it would
18  adhere to Rule 33, Defendants agreed to answer that narrowed set. *See* Decl. of Kimberly
19  L. Herb ("Herb Decl.") ¶ 10.

20  In preparing their responses to Plaintiffs' narrowed set of interrogatories, counsel for
21  Defendants discovered that four of the interrogatories included discrete and separate
22  subparts. Defendants' counsel notified Plaintiffs' counsel on March 23, 2010 that
23  Defendants objected to the narrowed set of interrogatories because it still exceeded the
24  limit of 25 and requested that Plaintiffs identify 25 interrogatories for response. Plaintiffs'
25  counsel sent a letter on March 24, 2010, responding to Defendants' objection and noting
26  both that their meet and confer obligations had been exhausted and that Plaintiffs intended
27  to file a motion to compel if this issue could not be resolved. Defendants' counsel
28  responded on March 26, 2010 and advised Plaintiffs that they were available to meet and

confer regarding the number of interrogatories or, alternatively, that Plaintiffs could identify 25 interrogatories, including discrete subparts, for Defendants to answer by April 2, 2010. Plaintiffs' counsel did not respond to Defendants' letter of March 26, 2010 and instead filed a motion to compel on April 19, 2010.

**This Motion**

Plaintiffs rely on Rule 37, which states that "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . a party fails to answer an interrogatory submitted under Rule 33. . . ." Fed. R. Civ. P. 37(a)(3)(B)(iii). Plaintiffs argue that the Defendants' objection to four subparts of the reduced set of 25 interrogatories is designed to further delay discovery. *See* Plaintiffs' Notice of Motion & Motion to Compel Responses to Interrogatories, P. 3. Plaintiffs note that Defendants have had notice of the interrogatories for over five months. Plaintiffs argue that after a lengthy meet and confer process, Plaintiffs agreed in good faith to provisionally withdraw certain requests in order to expedite the receipt of Defendants' responses to at least some requests. Plaintiffs also agreed to give Defendants an extension to respond to other pending discovery in exchange for Defendants' agreement to answer the reduced set of interrogatories by April 2, 2010. Plaintiffs argue that instead of responding, however, Defendants objected, based on the new ground that four of the 25 interrogatories that they agreed to answer have subparts. Plaintiffs argue that this is a ruse to avoid Defendants' own agreement. The Plaintiffs ask the Court to order Defendants to honor their agreement and answer Plaintiffs' reduced set of interrogatories.

Defendants argue that Plaintiffs' motion should be denied on two grounds: FRCP Rule 33 and because the interrogatories go beyond the scope of Plaintiffs' claims as limited by Judge Wilken's January 19 Order. Rule 33 states that "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Defendants argue that they should not have to respond to more than 25 interrogatories where there has been no stipulation or order authorizing Plaintiffs to exceed the Rule 33 limit.

Defendants also argue that Plaintiffs' interrogatories are vastly overbroad and thus not reasonably calculated to lead to the discovery of admissible evidence. Defendants rely on Rule 26 which states that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Defendants argue that Plaintiffs' interrogatories seek a broad investigation into all aspects of the post-World War II testing and that such discovery is unwarranted given that the number of claims have been limited by Judge Wilken's January 19 Order.

### *Plaintiffs' Interrogatories Seek Relevant Evidence and are Not Overbroad*

Defendants cite *Nelson v. Capital One Bank* in support of their argument that Plaintiffs' interrogatories go beyond the scope of the pending claims: "Simply put, when the allegations at issue have been removed, requests for admissions and interrogatories directed specifically at those allegations lack foundation." 206 F.R.D. 499, 501 (N.D. Cal. 2001). However, *Nelson* is distinguishable in that the four requests for admission at issue in that case related to specific allegations from the original complaint, none of which were found in the Consolidated Complaint. *Id.* In this case, the interrogatories at issue relate to claims which still remain after the January 19, 2010 order. For example, Defendants argue that Interrogatory 12, which asks for identification of all reported, observed and claimed violations of the Wilson Memorandum, is directed toward the legality of the Army's testing programs. *See* Defendants' Response to Plaintiffs' Motion to Compel Responses to Interrogatories, P. 8. Defendants argue that since the legality of the testing is no longer at issue, such an interrogatory is beyond the scope of the case. However, Plaintiffs argue that Interrogatory 12 relates not only to the legality of the testing but also to the veterans' consent to the testing and therefore the answer is still relevant to the pending claims. The January 19, 2010 order states that "Plaintiffs' claim for a declaration on the lawfulness of the consent forms, to the extent that they required the individual Plaintiffs to take a secrecy oath, may go forward." *Vietnam Veterans of Am., et al. v. Cent. Intelligence Agency*, No. 09-0037, 2010 WL 291840, at *6 (N.D. Cal. 2010). This could reasonably be interpreted to mean that the legality of the consent is still at issue. Therefore this interrogatory seeks

relevant evidence and Defendants shall answer.

### *Plaintiffs Have Made a Showing of Particularized Need Given the Complexity of Issues in this Case*

Defendants argue that Plaintiffs have failed to provide a particularized showing as to why the 29 interrogatories are necessary. Defendants cite to *Beckett v. Mellon Investor Servs., LLC*, which states that "The party seeking leave must set forth a 'particularized showing' to exceed the limit of twenty-five interrogatories." 2010 WL 1417622, at *2 (W.D. Wash. 2010). However, in the Parties' Joint Case Management Conference Statement, Plaintiffs state:

> Given the scope and nature of this action, Plaintiffs believe that the default number of depositions and interrogatories set forth in the Federal Rules is insufficient. Although it is too early to anticipate the precise number of depositions and interrogatories that will be needed (especially before any formal discovery has occurred), in light of the vast nature of Defendants' human experimentation programs and the large number of substances and test subjects involved in those programs, Plaintiffs anticipate that they will require a substantial expansion of the interrogatories permitted pursuant to Rule 33 and depositions permitted pursuant to Rule 30.

*See* Updated Initial Joint Case Management Statement, P. 12. A similar argument is made by the plaintiffs in *Beckett*, focusing on the "scope and complexity" of the information needed. 2010 WL 1417622, at *3. The court in that case determined that the plaintiffs had made a particularized showing of their need to serve additional interrogatories. *Id. Beckett* further states that "Defendant's argument that the additional interrogatories are overly burdensome is unpersuasive without a showing as to what burden the interrogatories impose." 2010 WL 1417622, at *3. Defendants' Response to Plaintiffs' Motion to Compel Responses to Interrogatories does not specify what burdens the additional four interrogatories impose. In fact, the Defendants responded to the set of 29 interrogatories on June 29, 2010, the night before the hearing, even though the answers consisted mostly of objections. Given the complexity of issues in this case, Plaintiffs have made their showing of particularized need and the Defendants have not made a showing of the burden imposed by answering the additional interrogatories.

***Both Parties Need to Work Together to Resolve the Remaining Discovery Disputes to Prevent Further Unnecessary Expenditures of the Court's Time and Resources.***

Both parties should engage in meaningful meet and confer sessions to resolve any outstanding discovery disputes. Plaintiffs have filed four individual statements of discovery disputes, in addition to this motion to compel. If discovery disputes still remain after the meet and confer sessions, the parties must file joint statements, not individual statements. If the parties are still unable to work together, sanctions may be imposed.

### Conclusion

For the above reasons, Plaintiffs' motion to compel responses to interrogatories is GRANTED. Defendants shall respond to Plaintiffs' interrogatories within 30 days of issuance of this order.

IT IS SO ORDERED.

DATED: July 13, 2010

_____
JAMES LARSON
United States Magistrate Judge

G:\JLALL\CASES\CIV-REF\09-0037\C-09-0037 DISCOVERY ORDER.wpd