IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIETNAM VETERANS OF AMERICA; SWORDS TO PLOWSHARES: VETERANS RIGHTS ORGANIZATION; BRUCE PRICE; FRANKLIN D. ROCHELLE; LARRY MEIROW; ERIC P. MUTH; DAVID C. DUFRANE; and WRAY C. FORREST, individually, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>CENTRAL INTELLIGENCE AGENCY, et al.,<br><br>    Defendants.<br>_____/ | No. C 09-0037 CW<br><br>ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER STAYING FURTHER DISCOVERY AND FOR A MODIFICATION OF THE CASE MANAGEMENT ORDER<br>(Docket No. 134) |

    Defendants Central Intelligence Agency, et al., move for a protective order and a modification of the Case Management Order. Plaintiffs Vietnam Veterans of America, et al., oppose the motion. The motion was taken under submission on the papers. Having considered the papers submitted by the parties, the Court DENIES Defendants' motion.

BACKGROUND

    Because the Court's Order of January 19, 2010 describes the allegations of this case in sufficient detail, they will not be repeated in their entirety here. In sum, Plaintiffs charge Defendants with various claims arising from the United States' human experimentation programs, many of which were conducted at Edgewood Arsenal and Fort Detrick, both located in Maryland.

    Under the Case Management Order, fact discovery will end on May 31, 2011, all case-dispositive motions will be heard on January

5, 2012 and a twenty-day trial will begin on March 26, 2012.

DISCUSSION

Defendants seek a protective order staying all discovery in this case until September 30, 2011. They also ask the Court to continue several case management dates by nine months, so that fact discovery would close on February 29, 2012 and trial would begin on December 27, 2012.

Generally, parties may conduct discovery on any "matter relevant to a claim or defense." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004) (citing Fed. R. Civ. P. 26(b)). Courts may issue a protective order that limits the scope of discovery upon a showing of "good cause." Fed. R. Civ. P. 26(c). "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." Rivera, 364 F.3d at 1063.

Defendants contend that all discovery should be stayed pending an ongoing Department of Defense (DoD) investigation into the Army's chemical and biological testing programs. This investigation, which was initiated independent of this litigation, is being conducted by a private contractor, Battelle Memorial Institute. Under the DoD's Statement of Work (SOW), Battelle is required to, among other things, gather information to develop a "consolidated reference repository" that "identifies personnel that were potentially exposed to chemical and biological agents during either weapons testing or defensive equipment testing." Kilpatrick Decl., Ex. 1 at ¶ 2.4. This information includes "the test names, test objectives, chemical or biological agents involved, and number of service members and other personnel potentially affected by each

2

test from 1942 to the present timeframe." Id. ¶ 3.5. Batelle's final report is due September 28, 2011.

Defendants maintain that the information Battelle collects should be "largely sufficient" to resolve Plaintiffs' claims and that, if additional data are necessary, targeted discovery could occur after September, 2011. Mot. at 8. Defendants contend that allowing discovery to continue during the pendency of the investigation would be inefficient and waste resources. They also argue that additional discovery of the CIA is not currently warranted because the agency has a "limited nexus" to Plaintiffs' claims. Id. at 9.

Defendants do not justify the extraordinary step of staying all discovery for almost a year. It is not apparent that the DoD investigation addresses all the matters subject to discovery in this case. To the extent that the two overlap, Defendants do not suggest that they cannot satisfy their discovery obligations by providing Plaintiffs with information received from Battelle as the investigation progresses. Notably, Battelle provides Defendants with monthly reports on the "technical data" it has "extracted" and the "technical progress made." Kilpatrick Decl., Ex. 1 at ¶¶ 3.5.3 and 4.1. Also, as the SOW makes clear, the DoD investigation largely entails the collection and compilation of documents and information. Defendants offer no reason why Rule 30(b)(6) witnesses should not be designated and depositions should not go forward.

So long as they demonstrate good cause, Defendants may seek tailored protective orders that limit discovery. However, they do not establish that all discovery must come to a halt.

3

1    Because the Court declines to stay all discovery, a
2 modification of the Case Management Order is not necessary.
3                            CONCLUSION
4    For the foregoing reasons, the Court DENIES Defendants' motion
5 for a protective order staying discovery and a modification of the
6 Case Management Order.  (Docket No. 134.)
7    IT IS SO ORDERED.

Dated: 10/7/2010

CLAUDIA WILKEN
United States District Judge