1   GORDON P. ERSPAMER (CA SBN 83364)
    GErspamer@mofo.com
2   TIMOTHY W. BLAKELY (CA SBN 242178)
    TBlakely@mofo.com
3   STACEY M. SPRENKEL (CA SBN 241689)
    SSprenkel@mofo.com
4   DIANA LUO (CA SBN 233712)
    DLuo@mofo.com
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California 94105-2482
    Telephone: 415.268.7000
7   Facsimile: 415.268.7522

8   Attorneys for Plaintiffs
    Vietnam Veterans of America; Swords to Plowshares: Veterans
9   Rights Organization; Bruce Price; Franklin D. Rochelle; Larry
    Meirow; Eric P. Muth; David C. Dufrane; Tim Michael Josephs;
10  and William Blazinski

11

12                  UNITED STATES DISTRICT COURT

13       NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

14

15  VIETNAM VETERANS OF AMERICA, *et al.*,        Case No.   CV 09-0037-CW

16                          Plaintiffs,            **STIPULATION AND
                                                   [PROPOSED] ORDER
16                                                 MODIFYING PROTECTIVE
17                          v.                     ORDER GOVERNING
                                                   DISCOVERY**
17  CENTRAL INTELLIGENCE AGENCY, *et al.*,
18                                                 Complaint filed January 7, 2009
                            Defendants.
19

20

21

22

23

24

25

26

27

28

1                                       **STIPULATION**

2        Pursuant to Civil Local Rule 7-12, by and through undersigned counsel, the parties hereby

3 respectfully stipulate, subject to the Court's consideration and approval, to a modification to the

4 Protective Order Governing Discovery ("Protective Order").

5           1.      On December 1, 2010 this Court entered the Protective Order in the above

6 captioned case. (*See* Docket No. 183.)

7           2.      Paragraph 7.3 of the Protective Order currently states: "Encryption of

8 Electronic Covered Material. Specifically with regard to Covered Material produced by

9 Defendants in this action on electronic storage media, the Receiving Party must maintain,

10 transmit and store such data using an encryption program that is certified by the National Institute

11 of Standards and Technology as FIPS 140-2 compliant. Defendants or Defendants' agents will

12 supply all necessary encryption software and encryption keys with any media that it produces

13 pursuant to this Protective Order to Plaintiffs' Counsel and Experts (as defined in this protective

14 Order) to whom disclosure is reasonably necessary for this litigation and who have signed the

15 "Agreement to Be Bound by Protective Order" (Exhibit A). Further, all encryption keys supplied

16 by Defendants or Defendants' agents must be continuously protected in such a way as to not be

17 disclosed to any other person under any circumstances. (*Id.* at ¶ 7.3.)

18           3.      As required by the above paragraph, Defendants provided Plaintiffs with

19 encryption software and encryption keys. This software has proven to be useable for the

20 maintenance, transmission and storage of some of the Covered Materials produced by

21 Defendants, but has been unworkable for a large portion of Covered Materials, preventing the

22 efficient review by Plaintiffs of these materials.

23           4.      Plaintiffs have proposed, and Defendants have concurred with, alternative

24 software and methods that provide an appropriate level of security for Covered Materials

25 produced by Defendants while allowing Plaintiffs to more efficiently review these materials.

26           5.      Accordingly, the parties agree, subject to Court approval, to modify

27 Paragraph 7.3 of the Protective Order to accommodate Plaintiffs' proposed software and methods.

28

1    **THEREFORE, IT IS HERBY STIPULATED** between the parties that Paragraph 7.3 of

2    the Protective Order be amended and replaced as follows:

3    7.3    Encryption of Electronic Covered Material. Specifically with regard to Covered

4    Material produced by Defendants in this action on electronic storage media, the Receiving Party

5    must maintain, transmit and store such data using an encryption program that is certified by the

6    National Institute of Standards and Technology as FIPS 140-2 compliant, or such alternative

7    software and methods as agreed by the Parties. Defendants or Defendants' agents will supply

8    encryption software and encryption keys with any media that it produces pursuant to this

9    Protective Order to Plaintiffs' Counsel and Experts (as defined in this protective Order) to whom

10   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

11   Bound by Protective Order" (Exhibit A). Further, all encryption keys supplied by Defendants or

12   Defendants' agents must be continuously protected in such a way as to not be disclosed to any

13   other person under any circumstances.

14   This updated version of Paragraph 7.3 is included in the [Proposed] Amended Protective

15   Order Governing Discovery, attached as Exhibit A to this Stipulation. The parties respectfully

16   request that, assuming their stipulation is acceptable, the Court approve and enter the [Proposed]

17   Amended Protective Order Governing Discovery.

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

1   DATED: May 19, 2011

2   Respectfully submitted,

3

4   GORDON P. ERSPAMER                    IAN GERSHENGORN
    TIMOTHY W. BLAKELY                        Deputy Assistant Attorney General
5   STACEY M. SPRENKEL                    MELINDA L. HAAG
    DIANA LUO                                 United States Attorney
6   MORRISON & FOERSTER LLP               VINCENT M. GARVEY
                                              Deputy Branch Director
7                                         JOSHUA E. GARDNER
    By:  /s/ TIMOTHY W. BLAKELY          KIMBERLY L. HERB
8        Timothy W. Blakely               LILY SARA FAREL
         [tblakely@mofo.com]              BRIGHAM JOHN BOWEN
9                                         JUDSON O. LITTLETON
    Attorneys for Plaintiffs                  Trial Attorneys
10                                        U.S. Department of Justice
                                          Civil Division, Federal Programs Branch
11                                        20 Massachusetts Avenue, N.W.
                                          Washington, D.C.  20044
12                                        Phone:  (202) 305-7583
                                          Facsimile:  (202) 616-8460
13

14                                        By:  /s/ JOSHUA E. GARDNER
                                               Joshua E. Gardner
15                                             [Joshua.E.Gardner@usdoj.gov]

16                                        Attorneys for Defendants

17

18

19

20

21

22

23

24

25

26

27

28

1                                            **[PROPOSED] ORDER**

2            PURSUANT TO STIPULATION, IT IS SO ORDERED.

3    Dated: 5-24-11

4

5                                       The Honorable James Larson

6                                     Magistrate Judge, United States District Court
                                         for the Northern District of California

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GENERAL ORDER 45 ATTESTATION**

I, Timothy W. Blakely, am the ECF User filing this Stipulation Regarding Modifying the

Protective Order Governing Discovery.  In compliance with General Order 45, X.B., I hereby

attest that Joshua E. Gardner has concurred in this filing.

Dated:  May 19, 2011

/s/ TIMOTHY W. BLAKELY
Timothy W. Blakely

Attorneys for Plaintiffs

# EXHIBIT A

1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11               OAKLAND DIVISION

12

13  VIETNAM VETERANS OF AMERICA, *et al.*,          Case No. CV 09-0037-CW

                     Plaintiffs,

14                                                  [PROPOSED] AMENDED
        v.                                          PROTECTIVE ORDER GOVERNING
15                                                  DISCOVERY

16  CENTRAL INTELLIGENCE AGENCY, *et al.*,

                     Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production, by parties and non-parties, of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. In particular (but without limitation), this action is likely to involve production of information that is protected by the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"), 38 U.S.C. § 5701 ("Veterans Claims") and or Health Insurance Portability and Accountability Act, 42 U.S.C. § 201 ("HIPAA"). Although Plaintiffs are not technically bound by the Privacy Act respecting their production of documents or filings, Plaintiffs endeavor to protect private and medical information related to the right of privacy concerning individual veterans that is likely to be produced during discovery or submitted to the Court, including but not limited to medical records or benefits claims files related to the Individual Plaintiffs and putative class members. Pursuant to 5 U.S.C. § 552a(b)(11), which permits disclosure of Privacy Act records by court order, 45 C.F.R. § 164.512(e)(1)(i), which permits disclosure of protected health information by court order, 38 U.S.C. § 5701(b)(2), which permits disclosure of files, records, reports, and other papers and documents pertaining to a claim for veterans benefits when required by court order, and Rule 26(c) of the Federal Rules of Civil Procedure, which authorizes entry of an appropriate protective order, the Court hereby enters the following Protective Order Governing Discovery ("Protective Order").

This action is also likely to involve documents the United States withholds from distribution outside of the Federal Government. The United States may designate certain documents as "Protected Material" under this protective order to prevent public disclosure of covered documents.

Defendants are authorized to release to Plaintiffs, their counsel, the Court in this case, and other parties identified in Section 7.1 below, government records containing Privacy Act, Veterans Claims, or HIPAA protected information without obtaining prior written consent of the individuals to whom the records pertain.

1    This Protective Order does not confer blanket protections on all disclosures or responses

2    to discovery and the protection it affords extends only to the limited information or items that are

3    entitled under the applicable legal principles to treatment as confidential.  As set forth in Section

4    10, below, this Protective Order creates no entitlement to file confidential information under seal;

5    Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

6    that will be applied when a party seeks permission from the Court to file material under seal.

7    2.    DEFINITIONS

8         2.1    Party:  any party to this action, including all of its representatives, agents, and any

9    present or former officers, directors, employees, investigators, consultants, retained Experts, and

10   Outside Counsel (and their support staffs).

11        2.2    Disclosure or Discovery Material:  all items or information, regardless of the

12   medium or manner generated, stored, or maintained (including, among other things, testimony,

13   declarations, transcripts, or tangible things) that are produced or generated in disclosures or

14   responses to pre-trial discovery or other pre-trial proceedings in this matter.  This Protective

15   Order specifically excludes the production or use of material or testimony during trial.

16        2.3    Receiving Party:  a Party that receives Disclosure or Discovery Material from a

17   Producing Party.

18        2.4    Producing Party:  a Party or non-party that produces Disclosure or Discovery

19   Material in this action.

20        2.5    Designating Party:  a Party or non-party that designates information or items that it

21   produces or includes in disclosures, responses to discovery requests, affidavits, declarations, or

22   exhibits submitted to the Court as subject to the terms of the Protective Order.

23        2.6    Protected Material:  any Disclosure or Discovery Material that is designated as

24   "Confidential - Subject to Protective Order" as described in paragraph 4, below.

25        2.6    Counsel:  attorneys who are employees of a Party (as well as their support staffs)

26   and attorneys who are not employees of a Party but who represent or advise a Party in this action

27   (as well as their support staffs).

28

1    2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to

2    the litigation who has been retained by a Party or its Counsel or assigned by the Defendants to

3    serve as an expert witness or as a consultant in this action and who is not a past or a current

4    employee of a Party or of a competitor of a Party and who, at the time of retention, is not

5    anticipated to become an employee of a Party or a competitor of a Party.  This definition includes

6    a professional jury or trial consultant retained in connection with this litigation.

7    2.8    Professional Vendors:  persons or entities that provide litigation support services

8    (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

9    storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

10   3.    DOCUMENTS AND INFORMATION COVERED BY THIS ORDER

11            (a)    Except as provided in paragraph 12.3, this Protective Order shall govern

12   the use and disclosure of any document or information in connection with this action that

13   constitutes or reflects information derived from:

14                    (i)    a record subject to the requirements of the Privacy Act;

15                    (ii)    a medical record or other document containing information that

16   relates to the right of privacy and/or past, present or future physical or mental health or condition

17   ("Health Information") of any person other than information specifically made public in the

18   Complaint in this action;

19                    (iii)    references to personal information such as Social Security

20   Numbers ("SSN"), Dates of Birth ("DOB"), telephone numbers, and financial account numbers;

21                    (iv)    any other  confidential, proprietary, or private information for

22   which special protection from public disclosure and from use for any purpose other than

23   prosecuting this litigation may be warranted, including but not limited to information protected

24   from disclosure under the Health Insurance Portability and Accountability Act ("HIPAA"), 42

25   U.S.C. § 201, and information protected by 38 U.S. C. § 5701;

26                    (v)    information maintained by Defendants or other government

27   entities not otherwise publicly available, or

28

[PROPOSED] AMENDED PROTECTIVE ORDER GOVERNING DISC.
CASE NO. CV 09-0037-CW
sf-2995544

3

1              (vi)    any other information (regardless of how generated, stored or

2    maintained) or tangible things that qualify for protection under standards developed under

3    Rule 26(c) of the Federal Rules of Civil Procedure.

4              (b)    Documents that are reasonably determined to be within the scope of

5    paragraph 3(a) by a Producing Party are hereinafter referred to as "Covered Documents."

6    Covered Documents shall be marked by the Producing Party in accordance with paragraph 4,

7    below.

8              (c)    Except as specified in paragraph 3(d) below, all information derived from

9    Covered Documents, even if incorporated in another document or compilation or referred to in

10   pre-trial testimony, shall be treated as "Covered Information." Covered Information shall be

11   subject to the requirements of this Protective Order.

12             (d)    Document summaries, statistical compilations, or other summaries of

13   materials identified in paragraphs 3(a)(i), (ii), and (iv), however, that do not contain information

14   by which specific individuals, including Plaintiffs, can be identified (*e.g.*, by name, social security

15   number, symbol, description or other form of personal identification) are not covered by this

16   Protective Order.

17   4.      DESIGNATING PROTECTED MATERIAL

18       4.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party

19   or non-party that designates information or items for protection under this Protective Order must

20   take care to limit any such designation to specific material that qualifies under the appropriate

21   standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are

22   shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to

23   unnecessarily encumber or retard the case development process, or to impose unnecessary

24   expenses and burdens on other parties), expose the Designating Party to sanctions.

25       4.2    If it comes to a Party's or non-party's attention that information or items are not

26   designated for protection that should qualify for protection, that Party or non-party shall as soon

27   as practicable notify the Producing Party in writing. The Producing Party shall be required to

28   redesignate that information in accordance with paragraph 4.3 and reproduce the contested

1  information or items at its own expense.  Should the Producing Party disagree with the notifying

2  Party or non-party regarding the propriety of the redesignation, the parties shall follow the

3  procedures set forth in Paragraph 5 of this Protective Order.  If it comes to a Party's or a non-

4  party's attention that information or items that it designated for protection do not qualify for

5  protection, that Party or non-party must promptly notify all other parties that it is withdrawing the

6  mistaken designation.

7      4.3    Manner and Timing of Designations.  Except as otherwise provided in this

8  Protective Order (*see, e.g.*, second paragraph of section 4.3(a), below), or as otherwise stipulated

9  or ordered, material that qualifies for protection under this Protective Order must be clearly so

10  designated before the material is disclosed or produced.

11      Designation in conformity with this Protective Order requires:

12      (a)    for information in documentary form (apart from transcripts of depositions

13  or other pretrial proceedings), that the Producing Party mark the document as

14  "CONFIDENTIAL — PRODUCED SUBJECT TO PROTECTIVE ORDER," or with a similar

15  marking in a way that brings its attention to a reasonable examiner.

16      A Party or non-party that makes original documents or materials available for inspection

17  need not designate them for protection until after the inspecting Party has indicated which

18  material it would like copied and produced.  After the inspecting Party has identified the

19  documents it wants copied and produced, the Producing Party must determine which documents

20  qualify for protection under this Order, then, before producing the specified documents, the

21  Producing Party must mark those documents as "CONFIDENTIAL — PRODUCED SUBJECT

22  TO PROTECTIVE ORDER," or with a similar marking in a way that brings its attention to a

23  reasonable examiner.

24      (b)    for testimony given in deposition or in other pretrial proceedings, that any

25  Party may designate on the record, before the close of the deposition, hearing, or other

26  proceeding, all protected testimony, and further specify any portions of the testimony that qualify

27  for protection under paragraph 3(a) of this Protective Order.  When it is impractical to identify

28  separately each portion of testimony that is entitled to protection, or when it appears that

1    substantial portions of the testimony may qualify for protection, any Party may designate on the

2    record, before the close of the deposition, hearing, or other proceeding, the entire testimony as

3    covered by this Protective Order until 30 days following the Party's receipt of the transcript of the

4    proceeding.  During that period (or any extension of that period), the Party must designate the

5    specific portions of the testimony as to which protection is asserted.  Only those portions that are

6    appropriately designated for protection within that period shall be covered by the provisions of

7    this Protective Order, except as provided in Section 9.

8          Transcript pages containing Protected Material must be separately bound by the court

9    reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL –

10   SUBJECT TO PROTECTIVE ORDER," or with a similar marking in a way that brings its

11   attention to a reasonable examiner, as instructed by the Party or non-party offering or sponsoring

12   the witness or presenting the testimony.

13          (c)     for any Covered Document whose medium makes marking the Covered

14   Document impractical, such as computer data, that the Producing Party mark the diskette case and

15   any accompanying paper or e-mail cover letter "CONFIDENTIAL — PRODUCED SUBJECT

16   TO PROTECTIVE ORDER," or with a similar marking in a way that brings its attention to a

17   reasonable examiner.  Designation and marking of Covered Documents in accordance with this

18   paragraph shall be deemed effective to bring information contained in such documents under the

19   protection of this Protective Order unless and until the Court orders otherwise.

20          (d)     for information produced in some form other than documentary, and for

21   other tangible items, that the Producing Party mark the exterior of the container(s) in which the

22   information or item is stored with the legend "CONFIDENTIAL — PRODUCED SUBJECT TO

23   PROTECTIVE ORDER," or with a similar marking in a way that brings its attention to a

24   reasonable examiner.

25   5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

26          5.1     Available Challenges.  The Receiving Party may challenge the Producing Party's

27   designation of material for protection or the Producing Party's failure to designate material for

28   protection under this Protective Order.

1      5.2     Timing of Challenges.  Unless a prompt challenge to a Designating Party's

2  confidentiality designation, or to the Producing Party's failure to designate material for protection

3  under this Protective Order, is necessary to avoid foreseeable substantial unfairness, unnecessary

4  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

5  waive its right to challenge a confidentiality designation, or failure to designate, by electing not to

6  mount a challenge promptly after the original designation is made.

7      5.3     Meet and Confer.  A Party that elects to initiate a challenge to a Designating

8  Party's confidentiality designation or lack thereof must do so in good faith and must begin the

9  process by conferring with Counsel for the Designating Party.  In conferring, the challenging

10  Party must explain the basis for its belief that the confidentiality designation or lack thereof was

11  not proper and must give the Designating Party an opportunity to review the designated material,

12  to reconsider the circumstances, and, if no change in designation is offered, to explain the basis

13  for the chosen designation or lack thereof.  A challenging Party may proceed to the next stage of

14  the challenge process only if it has engaged in this meet and confer process first.

15      5.4     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

16  designation or lack thereof after considering the justification offered by the Designating Party

17  may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

18  79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

19  challenge.  Any such motion must be accompanied by a competent declaration that affirms that

20  the movant has complied with the meet and confer requirements imposed in the preceding

21  paragraph and that sets forth with specificity the justification for the confidentiality designation

22  that was given by the Designating Party in the meet and confer dialogue.  The burden of

23  persuasion in any such challenge proceeding shall be on the Party advocating the inclusion of a

24  confidentiality designation on Disclosure or Discovery Material.  Until the Court rules on the

25  Party's challenge, all parties shall provisionally treat the challenged material as subject to the

26  protections of this Protective Order.

27

28

1    6.    DURATION

2       Even after the termination of this litigation, the confidentiality obligations imposed by this

3 Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a

4 court order otherwise directs.

5    7.    DISCLOSURE AND USE OF PROTECTED MATERIAL

6       7.1    Disclosure of Protected Material. Except upon the prior written consent of the

7 Producing Party originally designating Protected Material as containing information within the

8 scope of paragraph 3(a) of this Order, or as otherwise expressly provided in this Order, a

9 Receiving Party may disclose Protected Material it receives from a Producing Party only to:

10       (a)    Counsel in this action, as well as employees or consultants of Counsel to

11 whom it is reasonably necessary to disclose the information for this litigation and who have

12 signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

13       (b)    Certain designated representatives of Plaintiffs and Defendants who have

14 signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

15       (c)    Experts (as defined in this Protective Order) to whom disclosure is

16 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

17 Protective Order" (Exhibit A);

18       (d)    the Court and its personnel;

19       (e)    court reporters, their staffs, and professional vendors to whom disclosure is

20 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

21 Protective Order" (Exhibit A);

22       (f)    fact witnesses in the action (and their counsel) during depositions or in

23 preparation of affidavits or declarations for pretrial testimony, to whom disclosure is reasonably

24 necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

25 Order" (Exhibit A). As set forth in paragraph 4.3(b), pages of transcribed deposition testimony or

26 exhibits to depositions that reveal Protected Material must be separately bound by the court

27 reporter and may not be disclosed to anyone except as permitted under this Protective Order;

28

1             (g)     the author or listed recipient of the document or the original source of the

2  Protected Material; and

3             (h)     the person to whom the Protected Material pertains.

4       7.2     Use of Protected Material.  Except as provided in paragraph 12.3, unless otherwise

5  ordered by a court or otherwise provided in this Order, Protected Material received by a Party

6  during the course of this litigation may be used only in connection with the prosecution or

7  defense of this litigation and for no other purpose and shall be marked by the Producing Party as

8  "CONFIDENTIAL — PRODUCED SUBJECT TO PROTECTIVE ORDER," or with a similar

9  marking in a way that brings its attention to a reasonable examiner.

10       7.3     Encryption of Electronic Covered Material.  Specifically with regard to Covered

11  Material produced by Defendants in this action on electronic storage media, the Receiving Party

12  must maintain, transmit and store such data using an encryption program that is certified by the

13  National Institute of Standards and Technology as FIPS 140-2 compliant, or such alternative

14  software and methods as agreed by the Parties.  Defendants or Defendants' agents will supply

15  encryption software and encryption keys with any media that it produces pursuant to this

16  Protective Order to Plaintiffs' Counsel and Experts (as defined in this protective Order) to whom

17  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

18  Bound by Protective Order" (Exhibit A).  Further, all encryption keys supplied by Defendants or

19  Defendants' agents must be continuously protected in such a way as to not be disclosed to any

20  other person under any circumstances.

21  8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
         LITIGATION
22

23       If a Receiving Party is served with a subpoena or an order issued in other litigation that

24  would compel disclosure of Protected Material, the Receiving Party must so notify the

25  Designating Party, in writing (by electronic mail, if possible) immediately, and in no event more

26  than what is reasonable with the exercise of due diligence, after receiving the subpoena or order.

27  Such notification must include a copy of the subpoena or court order. The Receiving Party also

28  must immediately inform in writing the party who caused the subpoena or order to issue in the

1    other litigation that some or all the material covered by the subpoena or order is the subject of this

2    Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order

3    promptly to the party in the other action that caused the subpoena or order to issue.  The purpose

4    of imposing these duties is to alert the interested parties to the existence of this Protective Order

5    and to afford the Designating Party in this case an opportunity to try to protect its confidentiality

6    interests in the court from which the subpoena or order issued.  The Designating Party shall bear

7    the burdens and the expenses of seeking protection in that court of its confidential material – and

8    nothing in these provisions should be construed as authorizing or encouraging a Receiving Party

9    in this action to disobey a lawful directive from another court.

10   9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11           Except as provided in paragraph 12.3, if a Receiving Party learns that, by inadvertence or

12   otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized

13   under this Protective Order, the Receiving Party must immediately (a) notify in writing the

14   Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all copies of

15   the Protected Material, (c) inform the person or persons to whom unauthorized disclosure(s) were

16   made of all the terms of this Protective Order, if they are not already so informed, and (d) request

17   such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached

18   hereto as Exhibit A, if they have not already done so.  Failure to designate any materials as

19   subject to the terms of this Protective Order shall not constitute a waiver of any subsequent

20   assertion that the materials are covered by this Protective Order.  Unauthorized disclosure for an

21   improper purpose may subject the disclosing party to sanctions.

22   10.     FILING PROTECTED MATERIAL

23           Without written permission from the Designating Party or a court order secured after

24   appropriate notice to all interested persons, a Party may not file in the public record in this action

25   any Protected Material. A Party that seeks to file under seal any Protected Material must comply

26   with Civil Local Rule 79-5.

27

28

11.   FINAL DISPOSITION

Except as otherwise required by statute, including the Federal Records Act, 44 U.S.C. § 3010, *et seq*., or regulation, within ninety (90) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party, unless otherwise ordered or agreed in writing by the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Covered Documents or Covered Information. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the ninety (90) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Covered Documents and Covered Information. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protective Material remain subject to this Protective Order as set forth in Section 6 (DURATION), above.

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

12.3   No Effect on Existing Rights. The status of a document or information as Protected Material in this litigation shall not prevent disclosure or use as permitted by law or

1   compelled by order of any court, or restrict a party's use outside of this litigation of materials

2   produced by that Party.  This Protective Order does not restrict individual Plaintiffs' use of

3   Privacy-Act, 38 U.S.C. § 5701, or HIPAA protected records pertaining to them.  Nothing in this

4   Protective Order shall be construed to confer rights on any third party, except to the extent that a

5   third party produces documents or other information in this action subject to the terms of this

6   Protective Order.

7

8   IT IS SO ORDERED.

9

10   DATED:  MAY 23 , 2011

JAMES LARSON
UNITED STATES MAGISTRATE JUDGE

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3      I,      [print or type full name], of _____

4   [print or type full address], declare under penalty of perjury that I have read in its entirety and

5   understand the Protective Order that was issued by the United States District Court for the

6   Northern District of California on [date] in the case of *Vietnam Veterans of America, et al., v.*

7   *Central Intelligence Agency, et al.*, Case No. CV 09-0037-CW. I agree to comply with and to be

8   bound by all the terms of this Protective Order and I understand and acknowledge that failure to

9   so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

10   promise that I will not disclose in any manner any information or item that is subject to this

11   Protective Order to any person or entity except in strict compliance with the provisions of this

12   Protective Order.

13      I further agree to submit to the jurisdiction of the United States District Court for the

14   Northern District of California for the purpose of enforcing the terms of this Protective Order,

15   even if such enforcement proceedings occur after termination of this action. I hereby appoint

16   _____ [print or type full name] of _____

17   [print or type full address and telephone number] as my California agent for service of process in

18   connection with this action or any proceedings related to enforcement of this Protective Order.

19

20

21   Date: _____

22   City and State where sworn and signed: _____

23   Printed name: _____
                     [printed name]

24
    Signature: _____

25

26

27

28
    [PROPOSED] AMENDED PROTECTIVE ORDER GOVERNING DISC.          13
    CASE NO. CV 09-0037-CW
    sf-2995544