GORDON P. ERSPAMER (CA SBN 83364)
GErspamer@mofo.com
TIMOTHY W. BLAKELY (CA SBN 242178)
TBlakely@mofo.com
STACEY M. SPRENKEL (CA SBN 241689)
SSprenkel@mofo.com
DIANA LUO (CA SBN 233712)
DLuo@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiffs
Vietnam Veterans of America; Swords to Plowshares: Veterans
Rights Organization; Bruce Price; Franklin D. Rochelle; Larry
Meirow; Eric P. Muth; David C. Dufrane; Tim Michael Josephs;
and William Blazinski

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| VIETNAM VETERANS OF AMERICA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY, *et al.*,<br><br>Defendants. | Case No.    CV 09-0037-CW<br><br>**STIPULATION AND ORDER EXTENDING CASE DEADLINES**<br><br>Complaint filed January 7, 2009 |

1

2    Pursuant to Civil Local Rules 6-2 and 7-12, the parties hereby respectfully stipulate,

3 subject to the Court's consideration and approval, that the current schedule governing this case be

4 modified to extend the current deadlines by three months, subject to the conditions described in

5 this Stipulation.  As set forth more fully below, the parties have entered into this Stipulation, and

6 request that the Court approve it, to:  (a) permit time for the completion of discovery of the

7 Department of Veterans Affairs ("DVA"), which was recently added as a defendant and has been

8 unable to complete its document production within the current schedule; (b) permit the parties to

9 continue to work on resolving outstanding discovery disputes, with the assistance of the

10 Magistrate Judge, as appropriate; and (c) permit the completion of further discovery.  These

11 stipulated modifications and conditions are not proposed for the purpose of improper delay, but

12 rather reflect the parties' good faith attempt, after substantial discussions and deliberation, to

13 accommodate the discovery needs of this litigation without unduly burdening the parties or the

14 Court, as reflected in the accompanying Declaration of Gordon P. Erspamer ("Erspamer Decl.").

15    1.    On December 23, 2009, the Court entered a Case Management Order setting a

16 May 31, 2011 deadline for both (1) the completion of fact discovery and (2) the disclosure of

17 identities and reports of expert witnesses.  (Docket No. 54.)  The Court set August 31, 2011, as

18 the deadline for completion of expert discovery.  (*Id.*)

19    2.    On May 3, 2011, the parties submitted a stipulation to extend the deadline for fact

20 discovery and the disclosure of identities and reports of expert witnesses to July 15, 2011, and the

21 deadline for completion of expert discovery to October 3, 2011.  (Docket No. 228.)  No other case

22 deadlines were affected by that stipulation.  (*Id.*)  The Court approved the parties' stipulation by

23 order dated May 4, 2011.  (Docket No. 230.)

24    3.    Although the parties hoped that the extension of the discovery deadlines sought in

25 the May 3 stipulation would permit sufficient time for the parties to complete necessary discovery

26 without impacting the non-discovery deadlines in this case, it now is clear that discovery cannot

27 be completed within the current schedule, for the reasons explained below.  (Erspamer Decl. ¶ 4.)

28    4.    The parties have made significant progress with respect to deposition discovery.

(*Id.* ¶ 5.)  Specifically, Defendants have completed depositions of all but one of the individual

plaintiffs, and depositions of the remaining plaintiffs are scheduled or proposed to take place in the next few weeks.  (*Id.*)  Plaintiffs have proceeded to depose defense witnesses as well, and additional depositions, including a Rule 30(b)(6) deposition of Defendants Department of Defense ("DOD") and Department of the Army ("Army"), are scheduled for early July.  (*Id.* ¶ 6.)

5.     The DVA and its Secretary, Eric K. Shinseki, were not formally added to this action as Defendants until November 18, 2010.  (*See* Docket No. 180.)  For that reason, discovery of the DVA as a party did not begin until after formal discovery of the other Defendants was well under way.  (Erspamer Decl. ¶ 7.)

6.     To date, the DVA has produced over 83,000 pages of documents, and anticipates reviewing over 1 million pages of documents in connection with Plaintiffs' outstanding document requests.  (*Id.*)

7.     Defendant DVA has provided responses and objections to Plaintiffs' Rule 30(b)(6) deposition notice and to Plaintiffs' requests for production and interrogatories, and the parties continue to work to resolve the many objections DVA raised to that discovery.  (*Id.* ¶ 8.)

8.     Defendant DVA currently estimates that it will be unable to complete its document production before August 31, 2011.  (*Id.* ¶ 9.)

9.     Although Plaintiffs have noticed initial depositions of DVA which will take place later this month, Plaintiffs cannot proceed with further discovery of DVA until the DVA has produced, and Plaintiffs have had a chance to review, responsive documents.  (*Id.* ¶ 10.)

10.     Notwithstanding the parties' progress in moving discovery forward and attempting to resolve discovery disputes informally, they have come to an impasse with respect to certain issues and intend to invoke the aid of the Magistrate Judge in resolving those discovery disputes.  (*Id.* ¶ 11.)

11.     On June 1, 2011, due to Magistrate Judge James Larson's retirement, the Court referred this case to Magistrate Judge Jacqueline Scott Corley for discovery.  (*Id.* ¶ 12.)  On June 7, 2011, the parties filed a joint request for clarification of the procedure concerning discovery disputes.  (Docket No. 234.)  On June 9, 2011, Magistrate Judge Corley provided the

requested clarification.  (Docket No. 235.)  The parties intend to proceed in accordance with the Magistrate Judge's direction.  (Erspamer Decl. ¶ 12.)

12.     Considering these facts, the parties agree that a modification to the current deadlines governing this case is necessary to:  (a) accommodate the DVA's need for additional time to complete its document production; (b) permit Plaintiffs time to complete discovery of the DVA once that production is complete; (c) permit Defendants time to complete deposition discovery of individuals identified in Plaintiffs' Second Amended Initial Disclosures and to complete discovery limited to the extent necessary to follow-up on Plaintiffs' amended discovery responses served within the last 30 days; and (d) permit time for the resolution of outstanding discovery disputes between the parties, with the assistance of the Magistrate Judge as necessary.  (*Id.* ¶ 13.)

13.     The parties also wish to avoid the burden and expense of any unnecessary additional written discovery.  (*Id.* ¶ 14.)  The parties agree, however, that discovery of the DVA should continue without restriction, in accordance with the Federal Rules of Civil Procedure.  (*Id.* ¶ 14.)

14.     Accordingly, in order to further these goals, the parties request that the schedule in this litigation be modified by extending the current deadlines by three months as reflected in the following Proposed Schedule (to the extent these dates can be accommodated by the Court's calendar), with the dispositive motion briefing schedule extended by an additional one week, and subject to the conditions set forth in Paragraph 15 below.

**Proposed Schedule**

| Event | Current Deadline | New Deadline |
|---|---|---|
| Completion of fact discovery | July 15, 2011 | October 14, 2011 |
| Disclosure of identity and reports of expert witnesses | July 15, 2011 | October 14, 2011 |
| Completion of expert discovery | October 3, 2011 | January 2, 2012 |
| Plaintiffs' opening dispositive motion due no later than | October 7, 2011 | January 13, 2012 |

| Event | Current Deadline | New Deadline |
|---|---|---|
| Defendants' opposition and any cross-motion due no later than | October 28, 2011 | February 3, 2012 |
| Plaintiffs' reply / opposition to cross-motion due no later than | November 11, 2011 | February 17, 2012 |
| Defendants' reply to cross-motion due no later than | November 18, 2011 | February 24, 2012 |
| All case-dispositive motions to be heard, 2:00 PM | January 5, 2012 | April 5, 2012 |
| Further case management conference, 2:00 PM | January 5, 2012 | April 5, 2012 |
| Final pretrial conference, 2:00 PM | March 13, 2012 | June 12, 2012 |
| Trial to begin, 8:30 AM | March 26, 2012 | July 9, 2012[1] |

15.    The parties agree that if the Court approves the parties' stipulation extending the case deadlines as set forth above, the following conditions and restrictions shall govern discovery going forward:

(a)  Discovery of the DVA may continue without the restrictions set forth in (b) below, in accordance with the Federal Rules of Civil Procedure, until the new fact discovery deadline of October 14, 2011.

(b)  No additional written discovery (including requests for production, requests for admission, and interrogatories) may be served on any other party to this litigation without that party's consent absent a Court order on a showing of good cause.

(c)  Notwithstanding the restriction in (b) above, Defendants may depose individuals identified in Plaintiffs' Second Amended Initial Disclosures, and Plaintiffs will respond to reasonable discovery requests limited to the extent necessary to follow-up on Plaintiffs' amended discovery responses served within the last 30 days.

(d)  Notwithstanding the restriction in (b) above, the DOD and the Army, as well as Plaintiffs, will respond to reasonable requests for the production of specifically identified documents, such as documents identified for the first time during deposition testimony.

---

[1]  The parties propose July 9, 2012, as the date for trial to begin in light of the Court's planned unavailability from June 29 through July 5, 2012.

STIPULATION AND [PROPOSED] ORDER EXTENDING CASE DEADLINES
Case No. CV 09-0037-CW
sf-3008791

4

1

2          (e)  The parties shall proceed to resolve current discovery disputes in an expeditious
              manner, and, to that end, shall file with the Magistrate Judge a joint statement of
3             discovery disputes that are at impasse by no later than June 30, 2011.

4    (Erspamer Decl. ¶ 16.)  None of the conditions and restrictions set forth above shall in any way

5    restrict any party from continuing to pursue, through motions to compel or other methods in

6    accordance with the Federal Rules, discovery requests that already have been served.  (*Id.*)

7    Unless specifically restricted by this stipulation, discovery in this action will otherwise proceed in

8    accordance with the Federal Rules.  (*Id.*)

9          16.      The stipulated modifications and conditions set forth above are not proposed for

10   the purpose of improper delay, but rather reflect the parties' good faith attempt, following

11   substantial discussions and deliberation, to accommodate the discovery needs of this litigation

12   without unduly burdening any party or the Court.  (*Id.* ¶ 17.)  Accordingly, the parties respectfully

13   request that the Court approve this stipulation.

14         **IT IS SO STIPULATED.**

15   Dated:  June 20, 2011                    GORDON P. ERSPAMER
16                                            TIMOTHY W. BLAKELY
                                              STACEY M. SPRENKEL
17                                            DIANA LUO
                                              MORRISON & FOERSTER LLP
18

19                                            By:  /s/ Gordon P. Erspamer
20                                                 Gordon P. Erspamer
                                                   [gerspamer@mofo.com]
21
                                              Attorneys for Plaintiffs
22

23

24

25

26

27

28

1

2   Dated:  June 20, 2011                              IAN GERSHENGORN
                                                       Deputy Assistant Attorney General
3                                                      JOSEPH P. RUSSONIELLO
                                                       United States Attorney
4                                                      VINCENT M. GARVEY
                                                       Deputy Branch Director
5                                                      JOSHUA E. GARDNER
                                                       KIMBERLY L. HERB
6                                                      LILY SARA FAREL
                                                       BRIGHAM JOHN BOWEN
7                                                      Trial Attorneys
                                                       UNITED STATES DEPARTMENT OF
8                                                      JUSTICE
                                                       CIVIL DIVISION
9                                                      FEDERAL PROGRAMS BRANCH

10

11                                                     By:  /s/ Joshua E. Gardner
12                                                          Joshua E. Gardner
                                                            [joshua.e.gardner@usdoj.gov]
13
                                                       Attorneys for Defendants
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                                      **ORDER**

3              PURSUANT TO STIPULATION, IT IS SO ORDERED.

4    Dated:___**6/21/2011**_____

5

6                                     _____
                                      The Honorable Claudia Wilken
7                                     District Judge, United States District Court
                                      for the Northern District of California
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**GENERAL ORDER 45 ATTESTATION**

3      I, Gordon P. Erspamer, am the ECF User filing this Stipulation Extending Case Deadlines.

4 In compliance with General Order 45, X.B., I hereby attest that Joshua E. Gardner has concurred

5 in this filing.

6 Dated:  June 20, 2011

7                                         /s/ Gordon P. Erspamer
                                          Gordon P. Erspamer
8                                         [GErspamer@mofo.com]

9                                    Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28