IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIETNAM VETERANS OF AMERICA; SWORDS TO PLOWSHARES: VETERANS RIGHTS ORGANIZATION; BRUCE PRICE; FRANKLIN D. ROCHELLE; LARRY MEIROW; ERIC P. MUTH; DAVID C. DUFRANE; TIM MICHAEL JOSEPHS; and WILLIAM BLAZINSKI, individually, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CENTRAL INTELLIGENCE AGENCY; MICHAEL J. MORRELL, Acting Director of Central Intelligence; UNITED STATES DEPARTMENT OF DEFENSE; DR. ROBERT M. GATES, Secretary of Defense; UNITED STATES DEPARTMENT OF THE ARMY; PETE GEREN, United States Secretary of the Army; UNITED STATES OF AMERICA; ERIC H. HOLDER, Jr., Attorney General of the United States; UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; and ERIC K. SHINSEKI, UNITED STATES SECRETARY OF VETERANS AFFAIRS.<br><br>　　　　Defendants. | No. C 09-00037 CW<br><br>ORDER DENYING DEFENDANTS CENTRAL INTELLIGENCE AGENCY AND MICHAEL J. MORRELL'S MOTION FOR JUDGMENT ON THE PLEADINGS, DENYING WITHOUT PREJUDICE CENTRAL INTELLIGENCE AGENCY AND MICHAEL J. MORRELL'S MOTION TO AMEND THE SCHEDULING ORDER, AND GRANTING SECTION I.A OF CENTRAL INTELLIGENCE AGENCY AND MICHAEL J. MORRELL'S MOTION FOR A PROTECTIVE ORDER (Docket No. 245, 252 266) |

　　Defendants Central Intelligence Agency and its Acting Director Michael J. Morrell (collectively, the CIA) move for judgment on the pleadings, to amend the scheduling order and for a protective order. Only sections I.A and I.B of the CIA's motion for a protective order are currently before this Court; the remaining sections have been referred to Magistrate Judge Jacqueline Scott Corley. Plaintiffs Vietnam Veterans of America, et al., oppose the motions. The motions were heard on September 1, 2011. Having considered oral argument and the papers submitted by the parties,

the Court DENIES the CIA's motion for judgment on the pleadings, DENYING without prejudice the CIA's motion to amend the scheduling order and GRANTS section I.A of the CIA's motion for a protective order.

## BACKGROUND

Because the Court's previous orders describe the allegations of this case in sufficient detail, they will not be repeated here in their entirety. In sum, Plaintiffs bring various claims against Defendants arising from the United States' human experimentation programs, many of which were conducted at Edgewood Arsenal and Fort Detrick, both located in Maryland. The CIA, along with the United States Army, allegedly "planned, organized and executed" these programs. Third Am. Compl. (3AC) ¶ 2. According to Plaintiffs, some individuals involved in administering these programs were on the CIA's payroll. Plaintiffs further allege that others, who represented themselves to be Army officers, were in fact CIA agents. The CIA allegedly understood that its activities had to be concealed from "enemy forces" and the "American public in general" because knowledge of them "would have serious repercussions in political and diplomatic circles and would be detrimental to the accomplishment of its mission." Id. ¶ 145 (citation and internal quotation marks omitted).

At issue in this motion are Plaintiffs' remaining claims against the CIA. The parties do not dispute that Plaintiffs assert claims against the CIA based on a so-called secrecy oath that test participants were required to take. Pursuant to the oath, test participants allegedly agreed they would

    not divulge or make available any information related to

2

> U.S. Army Intelligence Center interest or participation in the [volunteer program] to any individual, nation, organization, business, association, or other group or entity, not officially authorized to receive such information.

3AC ¶ 156. According to Plaintiffs, the test participants further agreed that a violation of the oath would "render [them] liable to punishment under the provisions of the Uniform Code of Military Justice." Id. In or about September 2006, some test participants allegedly received letters indicating that the Department of Defense (DoD) granted them a partial release from the oath. The letters stated that the test participants could "discuss exposure information with their health care providers, but warn[ed] them not to 'discuss anything that relates to operational information that might reveal chemical or biological warfare vulnerabilities or capabilities.'" Id. ¶ 160. Plaintiffs allege that the secrecy oath violated their constitutional rights and seek a declaration that they "are released from any obligations or penalties" imposed by the oath. Id. ¶ 183.

The parties dispute whether Plaintiffs have any other claims against the CIA. Plaintiffs maintain they continue to assert "Constitutional due process claims" against the CIA related to the agency's alleged obligations to notify test participants of the experiments' effects and to provide health care. Pls.' Opp'n at 10-11. The CIA disagrees, pointing to the Court's May 31, 2011 Order concerning the agency's December 6, 2010 motion to dismiss. In its motion, the CIA sought

> dismissal of two of Plaintiffs' claims against it: (1) Plaintiffs' claim that the CIA is obligated to provide the individual Plaintiffs with notice of chemicals to which they were allegedly exposed and any known health effects related thereto; and (2) Plaintiffs'

3

claim that the CIA is obligated to provide medical care to the individual Plaintiffs.

Defs.' Partial Mot. to Dismiss Pls.' 3AC at 6. With respect to Plaintiffs' so-called notice claim against it, the CIA asserted that "Plaintiffs must identify a source of substantive law that would require the CIA to provide notice to Plaintiffs." Id. at 7. Likewise, the CIA asserted that Plaintiffs' so-called health care claim against it had no legal basis. Id. at 15. In opposition to the CIA's motion to dismiss their notice claim, Plaintiffs did not assert that it was grounded in the United States Constitution. Plaintiffs did not offer any substantive argument regarding their health care claim against the CIA, asserting

> Plaintiffs' core claim against the CIA seeks to require the CIA to comply with its duty to notify test subjects about tests to which they were subjected. Although Plaintiffs believe that the Court also could require the CIA to provide medical care to test subjects harmed by the CIA's testing programs, Plaintiffs note that the medical care remedy they seek for test participants does not depend on the CIA's provision of that care.

Pls.' Supp. Opp'n to Defs.' Partial Mot. to Dismiss at 2 n.2. After considering the parties' papers, the Court granted the CIA's motion and dismissed Plaintiffs' claims against the agency for notice and health care.

On July 28, 2011, the CIA filed its present motion, seeking judgment on the pleadings or, in the alternative, summary judgment. On August 9, 2011, the Court indicated that it would not convert the CIA's motion into a motion for summary judgment, noting that the parties had stipulated to have all dispositive motions heard on April 5, 2012 at 2:00 p.m.

4

DISCUSSION

I.   Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

The CIA asserts that, based on their allegations, Plaintiffs lack standing to bring claims against the agency regarding the alleged secrecy oath. To establish standing, a plaintiff must show: "(1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision." Salmon Spawning & Recovery Alliance v. Gutierrez, 545 F.3d 1220, 1225 (9th Cir. 2008). The CIA contends primarily that, because Plaintiffs do not allege specifically that the agency administered the secrecy oath, Plaintiffs do not demonstrate traceability and redressability.

It is not evident from the 3AC that the CIA did not have any role in the secrecy oaths or that a court order against the agency would not redress Plaintiffs' alleged injuries. Plaintiffs plead facts about the CIA's pervasive involvement in planning, funding and executing the experimentation programs. Plaintiffs also plead that the CIA had an interest in concealing the programs from "enemy

5

forces" and "the American public in general." 3AC ¶ 145 (citation and internal quotation marks omitted). These allegations, construed in Plaintiffs' favor, suggest that the challenged secrecy oath could be traced fairly to the CIA and that a court order directed at the CIA could redress Plaintiffs' alleged injuries.

Based on their pleadings, Plaintiffs have standing to bring claims against the CIA regarding the secrecy oath. Consequently, the CIA's motion for judgment on the pleadings must be denied.

## II. Motion to Amend the Scheduling Order

The CIA moves to amend the scheduling order to permit it to have its summary judgment motion heard before April 5, 2012 at 2:00 p.m., the date and time set by Court order pursuant to the parties' stipulation. The CIA seeks to move for summary judgment on Plaintiffs' claim regarding the alleged secrecy oaths, which the CIA understands to be the remaining claim against it.

As noted above, the parties dispute whether Plaintiffs have claims against the CIA, other than that regarding the secrecy oaths. Plaintiffs maintain that they have claims against the CIA for notice and health care under the Fifth Amendment's Due Process Clause.

The Court disagrees. The CIA's previous motion to dismiss clearly specified that it was directed at Plaintiffs' claims for notice and health care. The motion indicated that these claims lacked any legal basis. Plaintiffs were on notice that the CIA was challenging these claims and had the opportunity to oppose dismissal by clarifying that the Due Process Clause afforded a basis for them. They did not do so.

Plaintiffs argue that, because the CIA's motion to dismiss

6

"characterized Plaintiffs' injunctive and declaratory request for notice as <u>arising under the [Administrative Procedure Act (APA)]</u> and neglected to address the Constitutional basis for the claims," they were required to address only the "APA-based arguments" in their opposition. Pls.' Opp'n to CIA's Mot. for J. on the Pleadings at 12:1-2. The flaw in this argument is that the CIA sought to dismiss Plaintiffs' claims for notice and health care in their entirety. Nowhere in its motion did the CIA state that it sought dismissal of these claims only to the extent that they were based on the APA. If the CIA had mischaracterized the legal theory underlying their claims, to avoid dismissal, Plaintiffs had a duty in their opposition to inform the CIA and the Court. Indeed, in their opposition to Defendants' motion to dismiss their first amended complaint, Plaintiffs endeavored to clarify their claims for relief to avoid dismissal. <u>See, e.g.</u>, Pls.' Opp'n to Mot. to Dismiss 1st Am. Compl. 5:10-11 (noting that Defendants' argument "rests on a fundamental mischaracterization of Plaintiffs' claims and a misinterpretation of the APA"); <u>id.</u> at 7:9-11 ("Once again, Defendants mischaracterize Plaintiffs' claim: it is based on Defendants' <u>failure to act</u> in accordance with their legal duties, not a challenge to Defendants' final actions.") (emphasis in original). Plaintiffs did not do the same in opposing the CIA's December 6, 2010 motion to dismiss.

Plaintiffs' claims against the CIA for notice and health care have been dismissed. If Plaintiffs wish to pursue these claims, they may file a supplemental opposition to the CIA's December 6, 2010 motion to dismiss their claims against the agency for notice and health care. In any supplemental opposition, Plaintiffs must

7

brief how such claims are cognizable under the United States Constitution. The CIA may file a reply in support of its motion to dismiss. The CIA's reply shall be due fourteen days after any supplemental opposition is filed.

After it has been determined which claims Plaintiffs have against the CIA, the agency may request leave to notice for hearing an early motion for summary judgment. The CIA may file an administrative motion, pursuant to Civil Local Rule 7-11, to make this request. As discussed at the September 1, 2011 hearing, Plaintiffs and the CIA may reach an agreement regarding Plaintiffs' secrecy oath claim against the agency, which may eliminate that claim. Whether Plaintiffs have claims for notice and health care against the CIA will depend on their supplemental opposition to the CIA's motion to dismiss.

III. Motion for a Protective Order

In section I.A of the CIA's motion for a protective order, the CIA argues that Plaintiffs do not have constitutional claims for notice and health care against the CIA and, accordingly, are not entitled to discovery on such claims. As explained above, Plaintiffs presently do not have any claims against the CIA for notice and health care. Accordingly, Plaintiffs are not entitled to discovery on these claims.

As it stands, Plaintiffs' secrecy oath claim will go forward. Section I.B of the CIA's motion for a protective order concerns the scope of discovery as to this claim and is referred to Magistrate Judge Corley.

CONCLUSION

For the foregoing reasons, the Court DENIES the CIA's motion

for judgment on the pleadings (Docket No. 245), DENIES without prejudice CIA's motion to amend the scheduling order (Docket No. 266) and GRANTS section I.A of the CIA's motion for a protective order (Docket No. 252). Presently, Plaintiffs' claims against the CIA for declaratory and injunctive relief regarding the challenged secrecy oaths are their only outstanding claims against the agency. Thus, Plaintiffs shall not take discovery based solely on claims against the CIA for notice or health care. This ruling does not address the scope of discovery against the CIA as to Plaintiffs' secrecy oath claim or their claims against other Defendants.

As explained above, if Plaintiffs wish to pursue claims against the CIA for notice and health care, they must file a supplemental opposition to the CIA's December 6, 2010 motion to dismiss. This supplemental opposition shall brief how claims against the CIA for notice and health care are cognizable under the United States Constitution. The CIA's response shall be due fourteen days after any supplemental opposition is filed. Plaintiffs' supplemental opposition and the CIA's response shall not exceed ten pages. Unless a hearing is set, the Court will decide the matter on the papers.

Once it is determined which claims Plaintiffs assert against the CIA, the agency may file an administrative motion for leave to file an early summary judgment motion on any claims against it. In any administrative motion, the CIA must show that filing an early motion would serve interests of judicial efficiency.

Section I.B of the CIA's motion for a protective order is referred to Magistrate Judge Jacqueline Scott Corley.

A further case management conference and a hearing on

1  Defendants' dispositive motion will be held on April 5, 2012 at
2  2:00 p.m.
3       IT IS SO ORDERED.

5  Dated: 9/2/2011
                                       CLAUDIA WILKEN
6                                      United States District Judge

8  cc: JSC