1

2

3

4

5

6

7

8

9          IN THE UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

13

14   VIETNAM VETERANS OF AMERICA,          Case No.: 09-cv-0037 CW (JSC)
     et al.,                               **ORDER RE: DEFENDANT**
15                                          **DEPARTMENT OF VETERANS**
                                            **AFFAIRS IN CAMERA**
16             Plaintiffs,                  **SUBMISSION OF DOCUMENTS**

17        v.

18   CENTRAL INTELLIGENCE AGENCY, et
     al.,
19
               Defendants.
20

21

22        On October 12, 2011, Defendant Department of Veterans Affairs ("DVA") submitted

23   documents for review <u>in camera</u> per the Court's October 5, 2011 order.  The Court has

24   reviewed the documents and finds that further information is required before the Court can

25   determine whether the documents should be produced notwithstanding DVA's assertion of

26   deliberative process privilege.   Accordingly, the Court requests that DVA supplement its

27   submission as follows.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

**Category Two documents**[1]

In this category, Defendant has asserted the deliberative process privilege over a considerable amount of correspondence marked "draft." The Court cannot tell whether the drafts are relevant without looking at the final version of the documents. Accordingly, Defendant shall provide copies of the final versions of all "draft" correspondence in this category. See, e.g., 00014, 00020, 00032, 00048, 00049-00103, 00109- 00111, 01217- 01222, 01703.[2]

**Category Three documents**

This category of documents also contains several "draft" documents. In order to evaluate Defendant's claim of privilege, the Court needs to review the final version of all documents currently produced in draft form. See, e.g., 00072-00192, 00165-00166, 00335- 00370, 01852-01853, 01863-01864.

Furthermore, Defendant appears to have separated relevant documents throughout its document production. For example, the binder containing documents relating to Category Three contains an incomplete draft presentation given by Joe Salvatore on August 30, 2006. The privilege log indicates that this presentation was 00233-00277, but the copy of the presentation produced to the Court in this binder begins at 00271. The missing 37 pages may very well be in one of the other binders, as Defendant seems to have separated documents into multiple pieces, but this is not helpful for the Court's review. Accordingly, Defendant shall produce 00233-00270. Defendant shall also produce the complete final version of this presentation.

**Category Four and Five documents**

As with the above category, Defendant appears to have separated what should be one document into multiple documents produced non-sequentially. This appears to happen most

---

[1] For ease of reference, the Court is using the same categories as set forth in the October 5, 2011 order at p. 15. (Dkt. No. 294).

[2] This list of documents, and the others that are provided throughout this order, are by way of example only. There may be additional documents not listed herein for which Defendant's production should be supplemented. Defendant should thus view this list as a starting point only.

frequently with emails.  For example, document 00784-00785 is an email string discussing edits to an attachment, but the attachment (although listed on the email) is not produced. Assuming these emails were electronically stored and then produced, the attachment is still available.  Indeed, the privilege log indicates that there is a 00787-00788 which is "proposed edits to draft notice letter to Edgewood Arsenal veterans."  These documents may have been produced in another binder under another category, but they are not readily discoverable and are most relevant in context.   Accordingly, for each email where there is an attachment, Defendant shall produce the email *and* accompanying attachment sequentially.

**Category Six and Seven documents**

Various draft legislative proposal documents were included in this category.  As discussed above, to make a determination regarding the deliberative process privilege the Court needs the final versions of the documents.  See, e.g., 00984-00986, 01482-01484, 01536-01538, 02617-02623, 03252, 004123-004125, 004139-4196, 00024-00027.

**Category Eight documents**

Defendant shall provide the final version of the training letter produced to Plaintiffs, or confirm that the letter produced at VET001_15121-VET001_015134 (Dkt. No. 256-16) is the final training letter.   Similarly, Defendant shall provide the final version of the notification letter, Fact Sheet, and FAQs as mailed to veterans or confirm that the final version of these documents was produced at VET001_014266-VET001_014271 (Dkt. No. 259-13).

In addition, there are several other "draft" documents in the Category Eight production.  See, e.g., 00175, 01736-01743, 01453-01457, 03455-3456, 03765-03767. Defendant shall provide the final version of these documents.

**Category Nine documents**

Again, Defendant appears to have separated the attachments from the emails for several documents produced in this category.  See, e.g., 02775-02779, 02952-02953, 02983-02987, 04336-04340.  For each email where there is an attachment, Defendant shall produce the email *and* accompanying attachment sequentially.

United States District Court
Northern District of California

**Points of clarification**

Finally, the Court requires clarification on two points.  First, Defendant shall confirm that for any document produced with pink highlighting, Defendant has produced the document to Plaintiffs with the highlighted portion redacted.  Second, in addition to supplementing the ex parte document production as discussed above, Defendant shall simultaneously file and serve a chart on the Court and Plaintiffs identifying the documents produced to the Court in response to this Order.  The chart should indicate which documents are subject to a claim of privilege and whether the documents were previously produced to Plaintiffs.[3]

Accordingly, Defendant shall supplement its in camera production as discussed above.  Defendant's supplemental filling is due within ten days of the filing date of this Order.

**IT IS SO ORDERED.**

Dated:  October 25, 2011

_Jacqueline S. Corley_
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court requests that Defendant be mindful that the chart include all of the text in each column and row and not cut off text – the chart should be set to print all text that appears on the screen.  Further, the Court requests that Defendant use the category descriptions and numbers reflected in the October 5, 2011 order when referring to the documents.