IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIETNAM VETERANS OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL INTELLIENCE AGENCY, et al.,<br><br>Defendants. | Case No.: 09-cv-0037 CW (JSC)<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFFS' MOTION TO EXTEND CASE DEADLINES (Dkt. No. 295)** |

Pending before the Court is Plaintiffs' Motion to Extend Case Deadlines. (Dkt. No. 295). The motion was referred to the undersigned Magistrate Judge on October 19, 2011. Having considered the papers submitted by the parties, and having had the benefit of oral argument on October 31, 2011 the Court recommends that the motion be GRANTED in part.

## DISCUSSION

The parties have engaged in substantial discovery in this action over the past two and a half years. Given the breadth of the action, which concerns the conduct of four

government agencies over at least four decades, production of this discovery has taken longer than perhaps any party expected; accordingly, an extension of the case deadlines is proper.

Plaintiffs' motion 1) seeks a 90-day extension of the case schedule in this action; and 2) requests that the scope of this extended discovery not be restricted. Plaintiffs allege that there are five categories of outstanding discovery which justify the extension of the case deadlines: 1) Department of Veterans Affairs' claims files document production, 2) Department of Defense ("DOD") email and Navy, Air Force and Defense Technical Information Center document production, 3) Battelle document production, 4) magnetic tape production, and 5) deposition scheduling for several key witnesses. The Court's October 5, 2011 order requires Defendants to produce additional documents in the first, second and third categories, and on October 13, 2011, the parties were ordered to meet and confer regarding the fourth category. Further, there is a pending discovery dispute regarding the second and fifth categories with briefing to be completed by November 4, 2011. Given the amount of outstanding discovery and the uncertain timing for completion of this discovery, an approximately 90-day extension of the case deadlines is reasonable, especially where Defendants have not asserted any prejudice other than the delay itself. Further, because some of the outstanding discovery may be necessary for purposes of expert reports, the Court recommends staggering the fact discovery and expert discovery deadlines.

Accordingly, the Court recommends the following revised case schedule:

| Event | New Deadline |
| --- | --- |
| Completion of fact discovery | December 23, 2011[1] |
| Disclosure of expert witnesses | January 12, 2012 |
| Completion of expert discovery | April 2, 2012 |

---

[1] Although Plaintiffs requested a December 29, 2011 date for completion of document production and a separate date of January 12, 2012 for completion of fact discovery, the Court recommends setting December 23, 2011 as the close of fact discovery, which provides a cushion should Plaintiffs need to use materials obtained during fact discovery for completion of expert reports and avoids the December holidays.

| Plaintiffs' opening dispositive motion due | April 16, 2012 |
|---|---|
| Defendants' opposition and cross-motion due | May 7, 2012 |
| Plaintiffs' reply/opposition due | May 21, 2012 |
| Defendants' reply to any cross-motion due | June 4, 2012 |
| Deadline to hear dispositive motions | July 12, 2012 |
| Final pretrial conference | September 18, 2012 |
| Trial begins | October 9, 2012 |

To ensure that these deadlines are met, the parties are ordered to meet and confer this week and submit a joint letter to the Court detailing the status of **all outstanding discovery** on Friday, November 4, 2011. The letter shall include the dates for all outstanding depositions and the dates by which all outstanding document production will occur.[2] To the extent that Plaintiffs need to give Defendants additional information (like search terms) prior to Defendants completing the document production, the parties shall include dates for each stage of the process in their letter. The parties are encouraged to use this meet and confer process to resolve as many of the outstanding issues as possible. For those issues which remain unresolved, the parties shall provide a brief statement of their respective positions in the joint letter. The Court intends to use this letter to adopt a process for resolving all outstanding discovery disputes, which may include ordering the parties to meet and confer in person.

Plaintiffs' second request, that it not be bound by the scope of discovery as set forth in the June 20, 2011 stipulation, appears to be an attempt to modify Paragraph 15 of that stipulation. (Dkt. No. 237). Plaintiffs state that at the time of the stipulation, Plaintiffs were unaware that the DOD had not produced emails in response to a document request, and once DOD produces these emails, Plaintiffs will need to review them and possibly serve additional discovery. Paragraph 15(b) of the June 20, 2011 stipulation provides a mechanism for a party to serve additional written discovery if the party obtains a court order

---

[2] The letter should not include the discovery at issue in Plaintiffs' pending motion for which briefing will be completed on November 4, 2011.

3

upon a showing of good cause. Accordingly, if Plaintiffs determine that further written discovery is necessary upon review of the DOD emails, then Plaintiffs can seek leave of the Court to take such additional discovery. The Court declines to intervene and modify the parties' stipulation absent a showing that Plaintiffs have good cause for requesting additional discovery. Absent such an order or consent of the other party, the parties may not serve any additional discovery requests.

Accordingly, the Court recommends that Plaintiffs' Motion to Extend the Case Deadlines (Dkt. No. 295) be GRANTED in part as set forth above. The parties are ordered to provide the Court with a joint letter detailing the status of all outstanding discovery disputes by November 4, 2011. The parties may not serve any additional discovery requests without the consent of the opposing parties or Court order.

**IT IS SO ORDERED.**

Dated: October 31, 2011

                                         _Jacqueline S. Corley_
                                         JACQUELINE SCOTT CORLEY
                                         UNITED STATES MAGISTRATE JUDGE