United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIETNAM VETERANS OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL INTELLIENCE AGENCY, et al.,<br><br>Defendants. | Case No.: 09-cv-0037 CW (JSC)<br><br>**ORDER RE: DISCOVERY DISPUTE CONCERNING DEPOSITIONS AND FURTHER DOCUMENT PRODUCTION (Dkt. No. 307)** |

Now pending before the Court is a discovery dispute concerning depositions and Navy and Air Force document production. (Dkt. No. 307). Having considered the parties' filings, the Court GRANTS Plaintiffs' request for additional discovery in part.

**DISCUSSION**

Plaintiffs 1) seek leave from the Court to exceed the Federal Rules of Civil Procedure 30(a)(2)(A)(i) limit of ten depositions per side; and 2) move to compel responses to document requests to the Department of Air Force ("Air Force") and Department of Navy ("Navy").

**1. Additional Depositions**

Pursuant to Rule 30 of the Federal Rules of Civil Procedure a party wishing to take more than ten depositions without consent of other parties must obtain leave from the Court to proceed. Fed. R. Civ. P. 30(a)(2). "A party seeking to exceed the presumptive number of depositions must make a particularized showing of the need for the additional discovery." Authentic, Inc. v. Atrua Technologies, Inc., No. 08-1423, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008).

Plaintiffs have already taken their allotted ten depositions and seek leave from the Court to take an additional sixteen depositions. Given the scope of this case, in terms of timeframe, parties, and factual and legal issues, Plaintiffs have established good cause to exceed the ten deposition limit. However, the Court finds that Plaintiffs have not made a particularized showing as to why all sixteen of the additional depositions sought are necessary. The Court has reviewed Plaintiffs' list of sixteen additional proposed deponents and determined that eight of these depositions are appropriate; however, the Court declines to select which eight of the sixteen requested depositions should go forward, and instead leaves that question to Plaintiffs.

Accordingly, within five days after the filing date of this Order, Plaintiffs shall notify Defendants which eight depositions they intend to proceed with and the parties shall meet and confer regarding noticing the depositions.[1] The parties are reminded that the Court has recommended that the district court adopt a December 23, 2011 cut-off for fact discovery and the Court urges the parties to work together to schedule the depositions in accordance with this deadline.

**2. Navy and Air Force Document Production**

Plaintiffs move to compel responses from the Navy and Air Force, two service branches within the Department Defense ("DOD"), to Requests for the Production of Documents. (Dkt. No. 307-1). Plaintiffs contend that these document requests are based on a Request for Production of Documents served on December 2, 2010, which Defendants

---

[1] To the extent that Plaintiffs select David Abbott as one of the deponents, they are granted leave to exceed the seven hour limit, up to a total of ten hours, for his deposition. See Fed. R. Civ. P. 30(d)(1).

2

1  never complied with because DOD has never searched for documents responsive to this
2  request possessed by the Navy or the Air Force. (Dkt. No. 259-6).  Defendants contend that
3  these document requests are actually new requests for written discovery which contravene
4  the parties' June 20, 2011 stipulation wherein the parties agreed that no additional written
5  discovery should be served.  (Dkt. No. 237).  Because the Court finds that the Navy and Air
6  Force, as entities subsumed within the DOD, would have been subject to Plaintiffs'
7  December 2010 discovery requests, the Court finds that this dispute instead turns on
8  Defendant DOD's contention that it has already examined the sources that would contain
9  records from all three service branches and produced responsive documents.

10  The DOD asserts that it has 1) produced "all the service member files from
11  Edgewood" which include information regarding any test participant "including any
12  members of the Navy or the Air Force;" 2) conducted searches of the Defense Technical
13  Information Center databases for documents responsive to Plaintiffs' requests for "any
14  branch of service;" 3) has and is producing documents from the Chemical Weapons
15  Exposure Study project "which sought to identify veterans of any service branch who were
16  exposed to mustard gas or lewisite between 1942 and 1953;" and 4) has not limited any of its
17  search efforts to the Army alone and instead included all service branches in its search
18  efforts. (Dkt. No. 317, p. 10).

19  That Defendants have produced "virtually nothing" concerning the pre-1953 Mustard
20  Gas-Lewisite testing period is not itself evidence that Defendants have failed to comply with
21  their discovery obligations.  Defendants represent that they have conducted searches which
22  would have encompassed Navy and Air Force documents and that they are continuing to do
23  so.  In the absence of evidence that Defendants have not actually done so, the Court declines
24  to order Defendants to spend hundreds of hours searching for potentially cumulative
25  documents.[2]

---

[2] Defendants contend that it would take five individuals and 400 hours for the Navy to search all of Navy Medicine's command for records responsive to these requests. (Dkt. No. 317-16, p. 1).  With respect to the Air Force, Defendants allege that the search would similarly take many hundreds of hours because there is not a single source of this information and the Air

As this Court has previously held, Plaintiffs are entitled to discovery regarding their allegations; however, the Court must weigh Plaintiffs' right to discovery against the burden any such discovery places on Defendants.  See Fed.R.Civ.P. 26(b)(2) (requiring that when determining the appropriateness of discovery requests courts consider whether the discovery is duplicative or overly burdensome and whether the burden and expense of discovery outweighs the benefit).   With respect to this current dispute, Plaintiffs have not demonstrated that there is potentially relevant discovery responsive to their document requests which Defendants have not or will not produce; Defendants, in contrast, have demonstrated that additional searches, which may well produce cumulative discovery, would involve significant burden and expense.[3]   Accordingly, Plaintiffs' motion to compel is denied.

## CONCLUSION

Based on the foregoing, Plaintiffs' request to take additional depositions is GRANTED IN PART as discussed above, and Plaintiffs' motion to compel additional document production is DENIED (Dkt. No. 307).  Defendants' Motion for Leave to File Supplemental Information (Dkt. Nos. 323 and 324) is GRANTED.

**IT IS SO ORDERED.**

Dated: November 17, 2011

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

---

Force would likely have to search historical records contained in the Federal Records Centers located throughout the country. (Dkt. No. 317-15, p. 2).

[3] Many of the issues Plaintiffs raise in their reply brief (Dkt. No. 322) appear to relate to other outstanding discovery disputes (Dkt. No. 318) and will be addressed by separate order.