IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIETNAM VETERANS OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL INTELLIENCE AGENCY, et al.,<br><br>Defendants. | Case No.: 09-cv-0037 CW (JSC)<br><br>**ORDER RE: DEFENDANT DEPARTMENT OF VETERANS AFFAIRS IN CAMERA SUBMISSION OF DOCUMENTS** |

Defendant Department of Veterans Affairs ("DVA" or "Defendant") submitted documents for review in camera per the Court's October 5, 2011 order. The Court subsequently ordered Defendant to provide further information and Defendant did so on November 10, 2011. The Court has reviewed Defendant's in camera submission and hereby orders Defendant to produce certain documents to Plaintiffs as outlined below.

## DISCUSSION

In response to Plaintiffs' discovery requests, Defendant asserted the deliberative process privilege over 483 documents. Of these, Defendant indicated that 44 documents

were covered by other claims of privilege as well. Defendant indicated that the documents fell within the following subject areas:

    (1) documents concerning the adjudication of an individual plaintiff's claim for VA disability compensation;

    (2) documents concerning VA Executive correspondence with members of Congress, Veterans Service Organizations, and other federal government agencies;

    (3) documents concerning collaboration between DOD and VA regarding providing notice to test subjects;

    (4) documents concerning the content of VA's notice letter within the Veterans Health Administration;

    (5) documents concerning DOD's "Fact Sheet" regarding VA health care and examinations;

    (6) documents concerning legislative proposals, including draft legislative proposals and analyses of those proposals;

    (7) emails and memoranda discussing drafts of the Under Secretary for Health's Information Letter;

    (8) documents concerning the Veterans Benefits Administration, including draft training letters, outreach reports and meeting summaries, emails regarding outreach efforts, drafts of the notification letter to test volunteers, and emails regarding the development of those notification letters; and

    (9) documents concerning the Veterans Health Administration ("VHA"), including emails regarding a potential response to congressional inquiry about Edgewood Arsenal and emails discussing the possibility of future registries within VHA.

(Dkt. No. 276, 8:12-9:9).

    As discussed in detail in this Court's October 5, 2011 order (Dkt. No. 294), the deliberative process privilege is a qualified privilege that "permits the government to withhold documents that reflect advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and polices are formulated." Hongsermeier v. Commissioner of Internal Revenue, 621 F.3d 890, 904 (9th Cir. 2010) (internal citations omitted). The deliberative process privilege may be overcome by a strong

showing of relevance and an inability to obtain the information from other sources. See Schwarzer, Tashima & Wagstaffe, Fed. Civ. P. Before Trial § 11:767 (TRG 2010) (citing Sanchez v. City of Santa Ana, 936 F.2d 1027, 1034 (9th Cir. 1990)). Courts consider the following factors in determining substantial need: 1) the relevance of the evidence, 2) the availability of other evidence, 3) the government's role in the litigation, and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. See F.T.C. v. Warner Comms. Inc., 742 F.2d 1156, 1161 (9th Cir. 1984).

The Court analyzed these factors in detail in its October 5, 2011 order, and found that an in camera review of documents in categories two-nine was the only way to determine whether the deliberative process privilege actually applied, and if so, whether Plaintiffs had demonstrated substantial need sufficient to overcome the privilege. The Court has conducted a detailed review of Defendant's voluminous in camera production and concludes that with respect to some of the documents at issue the deliberative process privilege does not apply, and in some cases where it does apply, sufficient substantial need exists to justify disclosure of the documents.[1]

With respect to documents to which no privilege applies, the Court notes that the deliberative process privilege only applies to deliberative materials; that is, documents that reflect advisory opinions, recommendations and deliberations comprising the government agency's decision-making process. See NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975). In contrast, "[p]urely factual material that does not reflect deliberative processes is not protected." F.T.C. v. Warner Communications Inc., 742 F.2d at 1161 (internal citations omitted). Accordingly, to the extent that Defendant has asserted the deliberative process privilege over documents that only reflect factual information, the Court finds that the deliberative process privilege does not apply to these documents.

---

[1] This Order only addresses those documents which fall within these two categories; Defendant properly asserted the deliberative process privilege over those documents not specifically referenced in this Order.

3

As for the documents which are covered by the deliberative process privilege, the Court finds that in some cases Plaintiffs' substantial need for the documents overcomes the qualified deliberative process privilege. The Court has reviewed the documents and finds that some of the documents provide information which is extremely relevant to Plaintiffs' facial bias claim against DVA and their notice claim against the other Defendants, and because this information cannot be obtained from another source Plaintiffs' substantial need for the documents overrides the government's interest in non-disclosure.

**Category Two Documents**

Defendant shall produce the following documents:
- 1702
- 1791-1792
- 3419 without redactions

Defendant should also confirm that document 280-281 was previously produced to Plaintiffs. If not, Defendant shall produce this document.

**Category Three Documents**

Defendant shall produce the following documents:
- 233-277
- 1852-1853 (duplicate of 1426-1427)
- 1332
- 176-177
- 1757

For several documents in this category that were marked "draft," Defendant has indicated that no final version of the documents exists. The Court finds that to the extent these documents are deliberative, upon the Court's review, substantial need exists for the documents' disclosure. Accordingly, Defendant shall produce the following documents:
- 165-166
- 335-370

4

Defendant has indicated that document 1100-1101 is protected by deliberative process and attorney work product privileges and that the document was produced to Plaintiffs in a redacted form. It is not clear how the attorney work product privilege applies to this email. Defendant shall clarify how the privilege applies – is Mark Brown an attorney? If the privilege was asserted in error, Defendant shall produce the document without redactions.

**Category Four and Five Documents**

Defendant shall produce the following documents:

- 1047-1048
- 1446-1447

**Category Six and Seven**

Category Six documents contain various forms of legislative proposals, only some of which relate to the issues in this lawsuit. Of those which do relate to the issues in this lawsuit, the Court finds that the documents are extremely relevant to Plaintiffs' claims and that there is no other source of this information because Defendant has indicated that "there is no final version of any VA draft legislative proposal because either VA managers or the Office of Management and Budget did not approve VA submission of the draft legislation." See November 9, 2011 letter from Lily Farel counsel for Defendant DVA. Accordingly, Defendant shall produce the following documents:

- 984-986
- 1482-1484
- 1536-1538
- 2617-2619
- 2625-2626
- 3452-3454
- 4123-4125
- 4139-4146
- 4168-4170
- 4188-4196

1   Defendant has asserted deliberative process and Privacy Act privileges over the
2 following document and produced the document with portions redacted. Defendant shall
3 produce the document without redactions. If Defendant has privacy concerns, it may
4 produce the document pursuant to the protective order governing this action. (Dkt. No. 176).
5
- 3138-3140

**Category Eight**

Defendant shall produce the following documents:
- 3420
- 3455-3456
- 3596-3599
- 4450-4451, if not already produced to Plaintiffs
- 3765-3767
- 1426-1427 (duplicate of 1852-1853)
- 3665
- 1848
- 4115-4116
- 4440

As with the Category Six draft legislative proposals, Defendant indicates that there are no final versions for the following draft documents. For the same reasons as stated for the Category Six documents, the Court orders Defendant to produce these documents:
- 207
- 1133-1138
- 1139-1146
- 1736-1743

Defendant has asserted deliberative process and Privacy Act privileges over the following document and produced the document with portions redacted. Defendant shall produce the document without redactions. Given that the information in the email originated from a reporter, the Court questions Defendant's Privacy Act claim, but to the extent

Defendant has privacy concerns, it may produce the document pursuant to the protective order governing this action. (Dkt. No. 176).

- 4479-4482

The privilege log indicates that document 3667 was produced with redactions based on Privacy Act objections; however, the version produced to the Court does not contain any notations regarding which text was redacted. Defendant shall produce the document without redactions; any privacy concerns may be addressed by producing the document pursuant to the protective order governing this action. (Dkt. No. 176).

**Category Nine**

Defendant shall produce the following documents:

- 2944 without redactions
- 3553-3554

Defendant has produced the same document twice, see 2983-2987 and 3466-3470. With respect to the first version of this document (2983-2987), Defendant asserts deliberative process privilege. For the second version (3466-3470) Defendant indicates that deliberative process, attorney client and attorney work product privileges all apply and the privilege log indicates that David Barrans, VA Deputy Assistant General Counsel, is a recipient of the email; however, Mr. Barrans' name does not appear on the email. Defendant shall clarify the nature of the privilege(s) it is asserting over this document. If Defendant asserts attorney work product and/or attorney client privilege, Defendant shall identify the attorney on the email chain. If Defendant only asserts deliberative process privilege, Defendant shall produce the document.

Document 4332-4333 is a recent forward of the email chain also marked 3138-3140 and discussed under Category Six above. For the reasons previously stated, Defendant shall produce 4332-4333 as well.

## CONCLUSION

As set forth above, the Court finds that certain documents over which Defendant has asserted deliberative process privilege are either not deliberative, and thus, not entitled to any

protection, or that the qualified deliberative process privilege is overcome by Plaintiffs' substantial need for the documents. Accordingly, Defendant shall produce the documents identified above by December 1, 2011. To the extent necessary, for the two documents over which Defendant has also asserted attorney client and/or attorney work product privilege, and about which the Court seeks further information, Defendant shall file its response by the same deadline.

**IT IS SO ORDERED.**

Dated: November 23, 2011

                                                                  _____
                                                                  JACQUELINE SCOTT CORLEY
                                                                  UNITED STATES MAGISTRATE JUDGE