United States District Court
Northern District of California

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11    VIETNAM VETERANS OF AMERICA,          Case No.: 09-cv-0037 CW (JSC)

12    et al.,                                **REPORT AND RECOMMENDATION**
                                             **RE: PLAINTIFFS' MOTION TO**
13                   Plaintiffs,             **EXTEND CASE DEADLINES (Dkt.**
                                             **No. 338)**
14          v.

15    CENTRAL INTELLIGENCE AGENCY,

16    et al.,

17                   Defendants.

18

19

20          Pending before the Court is Plaintiffs' Motion to Extend Fact Discovery Deadline and

21    Unopposed Motion to Extend Other Case Deadlines.  (Dkt. No. 338).  Having considered the

22    parties' filings regarding this matter, the Court recommends that the motion be GRANTED

      in part.

23                                     **DISCUSSION**

24          Plaintiffs seek a 90-day extension of all case deadlines in this action.  This would be

25    the nineteenth modification of the case deadlines in this action.  Defendants do not oppose an

26    extension of the fact discovery deadline for two depositions, nor do they oppose an extension

27    of the expert disclosure deadline and the remaining dates; however, Defendants object to a

28    wholesale extension of the deadline for fact discovery.

United States District Court
Northern District of California

1   Plaintiffs identify three categories of outstanding discovery: 1) the Department of

2   Defense ("DOD") emails, 2) Defense Technical Information Center ("DTIC") documents,

3   and 3) Department of Veterans Affairs ("DVA") claim files.   Plaintiffs allege that the fact

4   that Defendants will not have provided discovery regarding each of these categories by the

5   close of fact discovery is good cause for extending the fact discovery deadline.  However,

6   Plaintiffs' motion indicates that the DOD emails are the only category of discovery that they

7   need prior to the close of fact discovery.  Specifically, Plaintiffs allege that they need the

8   DOD emails prior to close of fact discovery so that they can take the depositions of Ray

9   Finno and Craig Hyams.  However, Defendants have represented that they will produce "all

10  responsive, non-privileged emails by December 23," and Defendants have agreed to

11  schedule the depositions of Mr. Finno and Mr. Hyams after the close of fact discovery and

12  after the production of the emails at issue.  (Dkt. No. 339, p. 2).

13  The Court is thus confused as to the basis for Plaintiffs' request for an extension of

14  the fact discovery deadline.  As the Court has said, if the parties agree amongst themselves to

15  extend the production deadline for specific items, the parties do not lose their right to

16  challenge the production even if it occurs after the deadline.  Although Plaintiffs may take

17  issue with the speed of the government's production, the parties appear to have negotiated a

18  schedule for production of the remaining discovery.   Accordingly, Plaintiffs have not

19  established good cause for extending the fact discovery deadline to permit new discovery

20  requests.[1]

21  However, based on the parties' agreement to extend the other case deadlines, and the

22  demonstrated good cause for doing so with respect to the expert discovery deadlines based

23  on Defendants' delayed production of the DTIC documents and DVA claim files, the Court

24  recommends the following revised case schedule:

25

26

27  _____
[1] Nothing in this Order precludes Plaintiffs from requesting appropriate relief relating to late

28  or incomplete production of any outstanding discovery including the magnetic tapes or DVA
    claim files as discussed at the December 15, 2011 hearing.

2

| Event | New Deadline |
|---|---|
| Completion of fact discovery | December 23, 2011 |
| Disclosure of expert witnesses | April 11, 2012 |
| Completion of expert discovery | July 11, 2012 |
| Plaintiffs' opening dispositive motion due | July 16, 2012 |
| Defendants' opposition and cross-motion due | August 6, 2012 |
| Plaintiffs' reply/opposition due | August 20, 2012 |
| Defendants' reply to any cross-motion due | September 4, 2012 |
| Deadline to hear dispositive motions | October 11, 2012 |
| Final pretrial conference | January 9, 2013 |
| Trial begins | February 4, 2013 |

Accordingly, the Court recommends that Plaintiffs' Motion (Dkt. No. 338) be GRANTED in part as set forth above.

**IT IS SO ORDERED.**

Dated:  December 20, 2011

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

3