IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIETNAM VETERANS OF AMERICA; SWORDS TO PLOWSHARES: VETERANS RIGHTS ORGANIZATION; BRUCE PRICE; FRANKLIN D. ROCHELLE; LARRY MEIROW; ERIC P. MUTH; DAVID C. DUFRANE; TIM MICHAEL JOSEPHS; and WILLIAM BLAZINSKI, individually, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>CENTRAL INTELLIGENCE AGENCY; DAVID H. PETRAEUS, Director of the Central Intelligence Agency; UNITED STATES DEPARTMENT OF DEFENSE; LEON E. PANETTA, Secretary of Defense; UNITED STATES DEPARTMENT OF THE ARMY; JOHN M. MCHUGH, United States Secretary of the Army; UNITED STATES OF AMERICA; ERIC H. HOLDER, Jr., Attorney General of the United States; UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; and ERIC K. SHINSEKI, UNITED STATES SECRETARY OF VETERANS AFFAIRS,<br><br>    Defendants.<br>_____/ | No. C 09-0037 CW<br><br>ORDER GRANTING IN PART, AND DENYING IN PART, PLAINTIFFS' MOTION TO FILE UNDER SEAL (Docket No. 347) |

    Plaintiffs have submitted an administrative motion seeking to file under seal Exhibits 2, 3, 11, 13, 35, 37, 39, 65, and 69-73 attached to the Declaration of Stacey M. Sprenkel in support of their motion for class certification. In their motion, Plaintiffs state that Defendants have designated Exhibits 2, 3, 11, 13, 35, 37, 39, and 65 as confidential. In their declaration in support of their motion, Plaintiffs clarify that only a portion of Exhibit

11 has been designated as confidential and that they seek to file a redacted version of this exhibit in the public record. Sprenkel Decl. ¶ 11. Defendants have filed a declaration in support of Plaintiffs' motion.

Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. See Civil Local Rule 79-5(a). If a document has been designated as confidential by another party, that party must file a declaration establishing that the document is sealable. Civil Local Rule 79-5(d).

Plaintiffs represent that they have designated Exhibits 69-73 as confidential because these exhibits contain "information relating to the privacy and/or past, present, or future physical or mental health or condition of persons not specifically made public in the Complaint in this action." Spreckel Decl. ¶ 2. The exhibits Plaintiffs seek to seal contain sensitive information for putative class members who are specifically identified by name within those exhibits. Id. at ¶¶ 3-7. Accordingly, Plaintiffs have established good cause to seal Exhibits 69-73.

Defendants, however, have not established good cause to support the sealing of Exhibits 2, 3, 13, 35, 37, 39 and 65 in their entirety or of portions of Exhibit 11. In their declaration

2

in support of Plaintiffs' motion to seal, Defendants withdraw their confidentiality designation for Exhibit 39. Gardner Decl. ¶ 4. Defendants also do not address Exhibit 65 or provide any reasons to support the sealing thereof. Defendants further indicate that they continue to consider the emails contained within Exhibits 35 and 37 to be confidential, but withdraw their confidentiality designation for the attachments to those emails. Id. at ¶¶ 5-6. Accordingly, Defendants have not established good cause to seal to seal Exhibits 39 or 65 or the attachment portions of Exhibits 35 or 37.

Defendants represent that they seek to seal "Exhibits 2, 3, 11, and the email portions of 35 and 37," because these exhibits "contain information that is covered by the Privacy Act, including, among other things, sensitive medical information, social security numbers, dates of birth and financial account information as well as personally identifying information for both Plaintiffs and other individuals." Id. at ¶ 6. However, neither Exhibit 2 nor the email portions of Exhibits 35 and 37 contain any such personally identifying or sensitive information. Exhibit 2 is an email chain generally discussing testing of chemical and biological agents at particular locations in the 1970s and 1980s, but it does not include protected information linked to any individual. The email portions of Exhibits 35 and 37 contain only general descriptions of the non-confidential attachments thereto and the sender's email signatures. Further, while the third and fourth pages of Exhibit 3 consist of an enlistment form completed by a non-party, which does contain personally identifying information, the remainder of this exhibit contains only general

information on the recruitment of test subjects. Finally, the portion of Exhibit 11 that Defendants seek to seal contains an excerpt of the transcript from Plaintiff William F. Blazinski's deposition in which he refers to being diagnosed with leukemia and colitis. However, Plaintiffs do not assert that this is confidential information and have already publicly disclosed this diagnosis in the public record. See Third Amended Compl. ¶ 221. Accordingly, Defendants have not established good cause to seal to seal Exhibits 2, 3 or 11 in their entirety or the email portions of Exhibits 35 or 37. However, Defendants have established good cause to seal the third and fourth pages of Exhibit 3.

Defendants represent that "Exhibit 13 contains information that the United States has determined, pursuant to the Protective Order . . . should not be publicly disclosed." Gardner Decl. ¶ 7. Defendants do not provide any other reason to support the sealing of Exhibit 13. Good cause to support sealing cannot be established by generally stating that the material is subject to a protective order or that the party considers the material confidential. Local Rule 79-5(a). Accordingly, Defendants have not established that Exhibit 13 is sealable.

For the reasons set forth above, Plaintiffs' motion to file under seal is DENIED to the extent that it pertains to Exhibits 2, 11, 13, 35, 37, 39 and 65 and to Exhibit 3 other than pages three and four thereof (Docket No. 347). Plaintiffs' motion is GRANTED to the extent that it pertains to pages three and four of Exhibit 3 and to Exhibits 69-73 (Docket No. 347). In accordance with General Order 62, within four days of the date of this Order, Plaintiffs shall electronically file Exhibits 3 and 69-73 under

4

seal and shall file in the public record Exhibits 2, 11, 13, 35, 37, 39 and 65 and a redacted version of Exhibit 3.

IT IS SO ORDERED.

Dated: 2/24/2012

CLAUDIA WILKEN
United States District Judge