IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VIETNAM VETERANS OF AMERICA;
SWORDS TO PLOWSHARES: VETERANS
RIGHTS ORGANIZATION; BRUCE PRICE;
FRANKLIN D. ROCHELLE; LARRY
MEIROW; ERIC P. MUTH; DAVID C.
DUFRANE; TIM MICHAEL JOSEPHS; and
WILLIAM BLAZINSKI, individually,
on behalf of themselves and all
others similarly situated,

      Plaintiffs,

  v.

CENTRAL INTELLIGENCE AGENCY;
DAVID H. PETRAEUS, Director of
the Central Intelligence Agency;
UNITED STATES DEPARTMENT OF
DEFENSE; LEON E. PANETTA,
Secretary of Defense; UNITED
STATES DEPARTMENT OF THE ARMY;
JOHN M. MCHUGH, United States
Secretary of the Army; UNITED
STATES OF AMERICA; ERIC H.
HOLDER, Jr., Attorney General of
the United States; UNITED STATES
DEPARTMENT OF VETERANS AFFAIRS;
and ERIC K. SHINSEKI, UNITED
STATES SECRETARY OF VETERANS
AFFAIRS,

      Defendants.
_____/

No. C 09-0037 CW

ORDER REGARDING
DEFENDANTS'
SUPPLEMENTAL
DECLARATION IN
SUPPORT OF
PLAINTIFFS' MOTION
TO FILE UNDER SEAL
(Docket No. 356)

On February 24, 2012, the Court granted in part and denied in part Plaintiffs' administrative motion to file under seal certain exhibits that Plaintiffs offered in support of their motion for class certification.  In their motion, Plaintiffs stated that Defendants had designated certain exhibits, including Exhibit 65, as confidential and, subsequently, Defendants submitted a declaration in support of Plaintiffs' motion.  In the Order of

February 24, 2012, the Court denied Plaintiffs' request to file
Exhibit 65 under seal, noting that Defendants had failed to
address Exhibit 65 in their declaration or to provide any reasons
to support the sealing thereof.

On February 27, 2011, Defendants filed a supplemental
declaration in support of Plaintiffs' motion to seal. <u>See</u> Suppl.
Decl., Docket No. 356. In the supplemental declaration,
Defendants appear to request that the Court reconsider its denial
of Plaintiffs' motion to seal insofar as it pertained to Exhibit
65.

Because the public interest favors filing all court documents
in the public record, any party seeking to file a document under
seal must demonstrate good cause to do so. <u>Pintos v. Pac.
Creditors Ass'n</u>, 605 F.3d 665, 678 (9th Cir. 2010).

Exhibit 65 appears to consist of a "Volunteer's Participation
Agreement" executed by Plaintiff Tim M. Josephs on January 3,
1968. In their supplemental declaration, Defendants state that
Exhibit 65 is sealable because it "contains information about one
of the named Plaintiffs in this case that is covered by the
Privacy Act," specifically, his "name and serial number." Suppl.
Decl. ¶¶ 5-6. However, the Privacy Act covers disclosure of an
individual's confidential information by government agencies, not
by the individual himself. <u>See</u> 5 U.S.C. § 552a. While
Plaintiffs, who offer this document as an exhibit, do not object
to filing this exhibit under seal, Plaintiffs, including Mr.
Josephs, do not assert that it contains confidential information
or offer good cause in support of filing it under seal. Further,
Plaintiffs have already publicly disclosed that Mr. Josephs signed

United States District Court
For the Northern District of California

this form.  <u>See</u> Third Amended Compl. ¶ 196.  <u>See also</u> Federal Rule of Civil Procedure 5.2(h) (providing that, even as to certain presumptively private information, a person may waive privacy protections by filing it without redaction and not under seal).

Accordingly, Defendants have not provided good cause to file Exhibit 65 under seal.  The Court DENIES Defendants' request to reconsider its Order of February 24, 2012 (Docket No. 356).

IT IS SO ORDERED.

Dated: 2/29/2012

CLAUDIA WILKEN
United States District Judge