IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIETNAM VETERANS OF AMERICA; SWORDS TO PLOWSHARES: VETERANS RIGHTS ORGANIZATION; BRUCE PRICE; FRANKLIN D. ROCHELLE; LARRY MEIROW; ERIC P. MUTH; DAVID C. DUFRANE; TIM MICHAEL JOSEPHS; and WILLIAM BLAZINSKI, individually, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>CENTRAL INTELLIGENCE AGENCY; DAVID H. PETRAEUS, Director of the Central Intelligence Agency; UNITED STATES DEPARTMENT OF DEFENSE; LEON E. PANETTA, Secretary of Defense; UNITED STATES DEPARTMENT OF THE ARMY; JOHN M. MCHUGH, United States Secretary of the Army; UNITED STATES OF AMERICA; ERIC H. HOLDER, Jr., Attorney General of the United States; UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; and ERIC K. SHINSEKI, United States Secretary of Veterans Affairs,<br><br>   Defendants.<br>_____/ | No. C 09-0037 CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO SEAL (Docket No. 375) |

On March 22, 2012, Plaintiffs filed an administrative motion seeking to file under seal the following documents: (1) portions of their reply in support of their motion for class certification; (2) portions of Exhibit 79 and the entirety of Exhibit 87 to the Declaration of Stacy M. Sprenkel in support of their reply; (3) the entirety of the Declaration of Tim Michael Josephs in support of their reply; and (4) portions of the Declaration of

Bernard Edelman. Plaintiffs state that they have designated certain portions of Exhibit 79 as confidential and that Defendants have designated overlapping portions of that exhibit as confidential as well. On March 29, 2012, Defendants filed a declaration in support of Plaintiffs' motion to seal.

Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. See Civil Local Rule 79-5(a). If a document has been designated as confidential by another party, that party must file a declaration establishing that the document is sealable. Civil Local Rule 79-5(d).

Plaintiffs state that they seek to seal lines 82:4 and 142:2-5, 15 of Exhibit 79, the entirety of Exhibit 87, the Josephs Declaration and portions of their reply brief, because they contain "information relating the privacy and/or past, present, or future physical or mental health or condition of persons not specifically made public in the Complaint in this action." Sprenkel Decl. ¶ 5. Plaintiffs also state that Exhibit 87, portions of the Edelman Declaration and portions of their reply brief are sealable, because they contain information regarding third-party putative class members not otherwise made public in this action. Id. at ¶ 6. Defendants state that they seek to seal

2

lines 81:24 through 82:10 of Exhibit 79, because it contains "information from plaintiff David Dufrane's volunteer service member test file concerning the specific chemical substances with which he was tested," and that the test file is covered by the Privacy Act. Gardner Decl. ¶¶ 5-6. Having reviewed the documents at issue, the Court finds that the parties have established good cause to seal lines 81:24 through 82:10 and 142:2-5, 15 of Exhibit 79, the entirety of Exhibit 87, portions of the Edelman Declaration, and portions of their reply brief.

The Court also finds that Plaintiffs have provided good cause to seal a portion of the Josephs Declaration. Plaintiffs have already disclosed the information contained in paragraphs two, three and a portion of four of the Josephs Declaration in the third amended complaint (3AC). See 3AC ¶¶ 202 (stating that information contained in Mr. Josephs's medical file "indicates that Mr. Josephs likely received injections of nerve gas"); 211 (stating that Mr. Josephs has been diagnosed with Parkinson's disease and currently suffers from hypertension); 212 (stating that "Mr. Josephs sought benefits through the VA in the fall of 2009 . . . "). However, the private information contained in the remainder of the declaration has not previously been disclosed publicly. Accordingly, the Court finds good cause to seal the Josephs declaration other than those portions noted above.

For the reasons set forth above, Plaintiffs' motion to seal is GRANTED to the extent that it pertains to lines 81:24 through 82:10 and 142:2-5, 15 of Exhibit 79, the entirety of Exhibit 87, portions of the Edelman Declaration, portions of their reply brief and portions of the Josephs Declaration (Docket No. 375).

3

Plaintiffs' motion to seal is DENIED to the extent that it pertains to paragraphs two, three and a portion of four of the Josephs Declaration.  In accordance with General Order 62, within four days of the date of this Order, Plaintiffs shall electronically file their reply brief, Exhibits 79 and 87, the Edelman Declaration, and the Josephs Declaration under seal, and shall file in the public record redacted versions of their reply brief, Exhibits 79, the Edelman Declaration and the Josephs Declaration.

    IT IS SO ORDERED.

Dated: 3/29/2012

_____
CLAUDIA WILKEN
United States District Judge