IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIETNAM VETERANS OF AMERICA; SWORDS TO PLOWSHARES: VETERANS RIGHTS ORGANIZATION; BRUCE PRICE; FRANKLIN D. ROCHELLE; LARRY MEIROW; ERIC P. MUTH; DAVID C. DUFRANE; TIM MICHAEL JOSEPHS; and WILLIAM BLAZINSKI, individually, on behalf of themselves and all others similarly situated,<br><br>             Plaintiffs,<br><br>    v.<br><br>CENTRAL INTELLIGENCE AGENCY; DAVID H. PETRAEUS, Director of the Central Intelligence Agency; UNITED STATES DEPARTMENT OF DEFENSE; LEON E. PANETTA, Secretary of Defense; UNITED STATES DEPARTMENT OF THE ARMY; JOHN M. MCHUGH, United States Secretary of the Army; UNITED STATES OF AMERICA; ERIC H. HOLDER, Jr., Attorney General of the United States; UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; and ERIC K. SHINSEKI, United States Secretary of Veterans Affairs,<br><br>             Defendants.<br>_____/ | No. C 09-0037 CW<br><br>ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANTS' MOTION TO SEAL<br>(Docket No. 368) |

Defendants have submitted an administrative motion seeking to file under seal the following documents: (1) their unredacted Opposition to Plaintiffs' Motion for Class Certification; (2) portions of Exhibits 20, 24, and 51 attached to the Declaration of Kimberly L. Herb, submitted in support of their Opposition; and (3) Exhibits 18-19, 48-49, 52, 55-59, 63-70, 77,

78, 80, and 82 to the Herb declaration in their entirety.[1] Defendants represent that Plaintiffs have designated Exhibits 52 and 56-58 as confidential. Plaintiffs have submitted a declaration in support of the sealing of Exhibits 52, 56-58 and 80 and the portions of Defendants' opposition that refer to Exhibits 52 and 56-58. Plaintiffs also ask that unredacted versions of Exhibits 21, 33 and 34 to the Herb declaration be filed under seal and that redacted versions thereof be placed in the public record. Having reviewed the papers submitted by the parties and the exhibits that they seek to file under seal, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion.

Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. See Civil Local Rule 79-5(a). If a document has been designated as confidential by another party,

---

[1] After filing their administrative motion, Defendants filed a notice of errata, correcting certain omissions in their original motion. See Docket No. 369. Defendants attached to the notice a corrected administrative motion to seal and a corrected Declaration of Judson O. Littleton in support of the motion. See Docket Nos. 369-1 and 369-2. All references in this Order to Defendants' administrative motion and the Littleton declaration are to the corrected versions of these documents.

2

that party must file a declaration establishing that the document is sealable. Civil Local Rule 79-5(d).

Plaintiffs represent that they seek to seal Exhibits 52 and 56-58, because these exhibits are "excerpts of deposition testimony of third-party putative class members" and "information relating to the privacy and/or past, present, or future physical or mental health or condition of persons not specifically made public in the Complaint in this action." Patterson Decl. ¶ 3. They also note that this Court has previously sealed excerpts of testimony from the same deponents. Id. (citing Docket No. 352 at 2). Accordingly, Plaintiffs have provided good cause to seal Exhibits 52 and 56-58.

Plaintiffs also seek to seal the unredacted versions of Exhibits 21, 33, and 34. Plaintiffs state that these exhibits contain social security numbers, claims numbers and addresses of Plaintiffs Tim Josephs and William Blazinski. Patterson Decl. ¶¶ 5-8. The Court finds good cause for this personally identifying information to be redacted from these exhibits when they are filed in the public record. Because the redacted information is not material to this motion, unredacted versions of these exhibits need not be filed under seal.

Defendants represent that they are seeking to seal Exhibits 18-19, 48-49, 55, 59, 67-70, 77, 78, 80, and 82, because these exhibits contain records with identifying and sensitive personal information about certain individuals, including health records. Littleton Decl. ¶ 2. Plaintiffs join in Defendants' request to seal Exhibit 80. Patterson Decl. ¶ 10. Having reviewed the

3

records, the Court finds that Defendants have provided good cause to seal Exhibits 18-19, 48-49, 55, 59, 77, 78, and 80.

Defendants, however, have not provided good cause to support the sealing of Exhibits 67-70 in their entirety. The Court notes that, in their declaration, Defendants state that Exhibits 67-70 contain copies of the service member test files of four named Plaintiffs to this action. Littleton Decl. ¶¶ 18-21. However, in the exhibits provided to the Court, Defendants did not include the test files themselves; instead, they included only cover letters that appear to have been sent to the respective named Plaintiffs along with copies of the test files. Because these cover letters contain addresses of these named Plaintiffs, the Court finds good cause for Defendants to file redacted versions of these exhibits, omitting the addresses, in the public record. Because the redacted information is not material to this motion, Defendants need not file unredacted versions of these exhibits under seal.

Defendants have also not provided good cause to support the sealing of Exhibit 82 in its entirety. Exhibit 82 contains what appears to be a form letter from the Department of Veterans Affairs to named Plaintiff David Dufrane; it is largely identical, except for Mr. Dufrane's name, address and social security number, to letters to Plaintiffs Tim Josephs and William Blazinski contained in Exhibits 33 and 34, which Defendants do not seek to seal and on which Plaintiffs only seek to redact their addresses, social security numbers and claim numbers. Other than his address and social security number, the letter does not contain any of Mr. Dufrane's personal information beyond what is already disclosed in the third amended complaint. Accordingly, the Court finds good

4

cause for Exhibit 82 to be redacted to omit Mr. Dufrane's address and social security number, when Defendants file it in the public record. Because the redacted information is not material to this motion, Defendants need not file an unredacted version of Exhibit 82 under seal.

Defendants further represent that they seek to seal portions of Exhibits 20, 24 and 51 and the entirety of Exhibits 63-66, because these exhibits contain deposition testimony that "is derived from and in reference to records . . . that contain identifying information about the individuals and concern sensitive personal information, including health records." Littleton Decl. ¶ 3. Having reviewed the records, the Court finds that Defendants have provided good cause to seal Exhibits 63-66 in their entirety.

However, Defendants do not provide good cause to file portions of Exhibits 20, 24 and 51 under seal. First, Defendants do not appear to be attempting to file any portion of Exhibits 20 and 51 under seal. They state that they rely only on testimony from these exhibits that has not been designated as confidential and have lodged copies of "a public version of those Exhibits that omits pages containing confidential material." Littleton Decl. ¶ 26. Defendants have lodged with the Court only a version labeled as public and have not provided a version that they seek to file under seal. Further, the portion of Exhibit 24 that Defendants seek to seal contains excerpts of the transcript from Plaintiff William F. Blazinski's deposition in which he refers to being diagnosed with leukemia and colitis and applying for benefits thereafter. However, Plaintiffs do not assert that this

5

is confidential information and have already publicly disclosed this diagnosis and the application for benefits in the public record. See Third Amended Compl. ¶ 221. Further, several of the pages that Defendants seek to seal have already been filed on the public docket of this case without redactions. See Docket No. 359-11.

Finally, Defendants represent that they seek to file their unredacted Opposition under seal, because it contains references to, and discussion of, confidential information contained in Exhibits addressed above. To the extent that Defendants refer and discuss information in their opposition that the Court has already found good cause to seal in its above discussion, the Court finds that Defendants have provided good cause to file an unredacted version of their opposition under seal and a redacted version on the public record. However, the Court finds that Defendants have not provided good cause to seal their references to, and discussion of, documents that the Court did not find good cause to seal.

For the reasons set forth above, Defendants' motion to file under seal is DENIED to the extent that it pertains to Exhibits 20, 24 and 51 and the entirety of Exhibits 67-70 and 82. Defendants' motion is GRANTED to the extent that it pertains to Exhibits 18-19, 48-49, 52, 55-59, 63-66, 77, 78, and 80 and portions of Exhibits 21, 33, 34, 67-70 and 82 and their opposition to Plaintiffs' motion for class certification. In accordance with General Order 62, within four days of the date of this Order, Defendants shall electronically file unredacted versions of their opposition and Exhibits 18-19, 48-49, 52, 55-59, 63-66, 77, 78 and

6

80 under seal and shall file in the public record redacted versions of their opposition and Exhibits 21, 33, 34, 67-70 and 82, and the entirety of their remaining Exhibits.  When filing these documents, Defendants shall place each exhibit in its own PDF file and shall properly label each exhibit with its exhibit number on the docket.

    IT IS SO ORDERED.

Dated: March 29, 2012  
CLAUDIA WILKEN  
United States District Judge