IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIETNAM VETERANS OF AMERICA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CENTRAL INTELLIGENCE AGENCY, et al.,<br><br>    Defendants. | Case No.: 09-cv-0037 CW (JSC)<br><br>**ORDER RE: DEFENDANTS' MOTION FOR RELIEF FROM APRIL 6, 2012 ORDER (Dkt. No. 413).** |

Pending before the Court is Defendants' Motion for Relief from this Court's April 6, 2012 Order finding waiver of the Department of Veteran's Affairs' ("DVA") assertion of the deliberative process privilege with respect to certain documents. (Dkt. No. 413). On April 23, 2012, District Court Judge Wilken referred the motion to the undersigned Judge because Defendants' motion raises arguments not previously made to the Court. Having reviewed the motion and Plaintiffs' opposition thereto, the Court concludes that oral argument is not necessary, see L.R. 7-1(b), and GRANTS Defendants' motion for relief.

**DISCUSSION**

Following the close of fact discovery, on March 1, 2012, Plaintiffs filed a motion to compel regarding several outstanding categories of discovery. (Dkt. No. 404). One of the

categories was a challenge to DVA's production of supplemental privilege logs in January and February 2012 asserting the deliberative process privilege over 705 newly disclosed documents. Plaintiffs argued that DVA's assertion of the deliberative process privilege over those newly identified documents was untimely and that the privilege had been waived.[1] In granting Plaintiffs' Motion to Compel in part, the Court found that DVA had waived the deliberative process privilege because (1) the documents identified on the February 2012 privilege log were mostly from the same time period and covering the same subjects as those identified on its prior October 2010 privilege log, (2) DVA had not provided any specific explanation as to why these documents were not identified the first time around when DVA was searching for responsive discovery, and (3) DVA had not explained why it took over a year to identify additional documents regarding these subjects on a privilege log and why this log was not produced until after the close of discovery.

DVA's motion for relief argues for the first time that the recently disclosed documents were identified through broader searches that were commenced following the Court's November 2010 order adding DVA as a party to this action. DVA has submitted a declaration from David Barrans, a Deputy Assistant General Counsel in the Office of General Counsel for the Department of Veterans Affairs. (Dkt. No. 413-1). Mr. Barrans represents that in January 2011 DVA began searches of the VA servers in the VA Central Office using 22 additional search terms beyond those they had used in responding to Plaintiffs' Rule 45 subpoena. Further, in February 2011, DVA began searches of the "mailboxes of approximately 142 current and former VA employees for documents containing any of the 38 search terms." (Dkt. No. 413-1, ¶ 12). Mr. Barrans asserts that the supplemental privilege log is the result of these searches and a review of more than 795,000 pages of documents over the course of nine months. (Dkt. No. 413-1, ¶ 14).

---

[1] DVA's supplemental privilege log was served three months after this Court had undertaken an *in camera* review of all but two of the documents (483 in total) over which DVA previously asserted the deliberative process privilege. After reviewing the documents, the Court found that with respect to approximately 50 documents either the deliberative process privilege did not apply, or Plaintiffs had shown a sufficient substantial need for the documents to overcome the claim of privilege.

2

1    Given Defendants' representation that the documents at issue were not in fact
2 discovered until sometime after February 2011, the Court will reconsider its finding of
3 waiver. However, the Court notes that it is unclear why the broader searches which yielded
4 these documents were not done initially since Defendants do not dispute that these documents
5 are responsive to the Rule 45 subpoena served in July 2009.[2] Further, although DVA
6 admittedly began the process of supplementing the privilege log in *July 2011*, DVA chose not
7 to provide Plaintiffs with a copy of the privilege log until *seven months later after the close of*
8 *fact discovery*. (Dkt. No. 413-1, ¶ 14). Regardless of whether the parties had an agreement
9 that responsive documents would be produced on a rolling basis, there was nothing rolling
10 about DVA's production of its privilege logs – rolling suggests that the log was produced as it
11 was created, which it was not. Finally, Defendants' argument that there is no prejudice from
12 the belated production of the supplemental privilege log is not well-taken. The Court was
13 prejudiced.[3] The Court reviewed 483 documents in November and now must review another
14 700 documents in an extremely inefficient use of judicial resources.

15    Nevertheless, given DVA's current representations, the Court finds that the assertion
16 of privilege, while not made expeditiously, is not subject to waiver based on timeliness. As
17 with the other documents over which Defendants have asserted the deliberative process
18 privilege, the Court will review the documents *in camera* to determine whether the privilege

---

[2] Indeed, it is troubling that the searches that were done in response to Plaintiffs' Rule 45 subpoena did not come up with emails sent on the same date by the same individuals as emails identified through the "broader searches" which preceded the February 2012 supplemental privilege log. Compare Dkt. No. 405, Ex. F, p. 12, doc. no. 00805-00806 (a two-page email sent on June 20, 2006 by Rosco Butler to fourteen individuals discussing "decision on medical examination for Edgewood Arsenal veterans.") with Dkt. No. 405, Ex. F, p. 139, doc. no. DVA0078 003127 (a one-page email also sent on June 20, 2006 by Rosco Butler to unknown recipients discussing "which veterans VA will qualify for VA examination with edits").

[3] Plaintiffs were also prejudiced by the belated disclosure. To the extent that the Court orders production of some of the documents identified on the February 2012 privilege log, Plaintiffs ability to conduct discovery will have been prejudiced by the production of those documents after the close of discovery. However, this issue is not currently before the Court; if necessary, the Court will consider the question of remedy following the Court's *in camera* review.

3

applies, and if so, whether Plaintiffs have shown a substantial need for the documents sufficient to overcome the claim of privilege.

## CONCLUSION

Based on the foregoing, Defendants' Motion for Relief is GRANTED. (Dkt. No. 413). The Court VACATES that portion of the April 6, 2012 Order finding that DVA had waived the deliberative process privilege with respect to documents identified on its February 2012 privilege log. DVA shall provide the Court with copies of the documents over which it asserts deliberative process privilege for *in camera* review by May 4, 2012.

**IT IS SO ORDERED.**

Dated: May 1, 2012

                                 *Jacqueline S. Corley*
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE