IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIETNAM VETERANS OF AMERICA, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>CENTRAL INTELLIGENCE AGENCY, et al.,<br><br>            Defendants. | Case No.: 09-cv-0037 CW (JSC)<br><br>**ORDER RE: APRIL 12 AND MAY 1, 2012 *IN CAMERA* SUBMISSIONS OF DOCUMENTS** |

Defendants Department of Defense ("DOD") and Department of Veterans Affairs ("DVA") submitted documents for review *in camera* per the Court's April 6 and May 1, 2012 orders (Dkt. Nos. 408 & 420). The Court has completed part of its review of Defendants' *in camera* submission and issues this interim Order. As set forth below, the Court seeks further information regarding certain documents, and orders Defendants to produce certain other documents.

## DISCUSSION

The Court has discussed the deliberative process privilege in numerous prior orders and incorporates the discussion and analysis of the privilege in these prior orders by

reference. (Dkt. Nos. 294, 327, 408). In November of 2011, the Court reviewed *in camera* approximately 483 documents over which DVA asserted the deliberative process privilege. After reviewing the documents, the Court found that with respect to approximately 50 documents either the deliberative process privilege did not apply, or Plaintiffs had shown a sufficient substantial need for the documents to overcome the claim of privilege. (Dkt. No. 327). In January and February 2012, Defendant DVA identified more than 700 additional documents which it claimed were protected by the deliberative process privilege. Defendant DOD concurrently identified approximately 324 documents as subject to the deliberative process privilege process. The Court ordered Defendants to produce nearly all of these documents for an *in camera* review. (Dkt. Nos. 408 & 420).

The Court has completed its review of many of these documents and finds that with respect to some of the documents the deliberative process privilege does not apply because the deliberative process privilege only covers deliberative materials; that is, documents that reflect advisory opinions, recommendations and deliberations comprising the government agency's decision-making process. See NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975). In contrast, "[p]urely factual material that does not reflect deliberative processes is not protected." F.T.C. v. Warner Communications Inc., 742 F.2d 1156, 1161 (9th Cir. 1984) (internal citations omitted). Accordingly, to the extent that Defendant has asserted the deliberative process privilege over documents that only reflect factual information, the Court finds that the deliberative process privilege does not apply to these documents.

The Court also finds that for some of the documents covered by the deliberative process Plaintiffs have demonstrated a sufficient substantial need for the documents to overcome the qualified deliberative process privilege. The documents in this category provide information which is extremely relevant to Plaintiffs' facial bias claim against DVA and their claims against the other Defendants. Further, because the information in these documents cannot be obtained from another source Plaintiffs' substantial need for the documents overrides the government's interest in non-disclosure.

Accordingly, Defendants shall produce the documents identified below to Plaintiffs without redactions except for any redactions based on another claim of privilege.

**A.  DOD Documents**

Pursuant to the Court's April 6, 2012 order Defendant DOD produced 324 documents for *in camera* review on April 11, 2012. Defendant's production was divided into the categories set forth in Paragraphs 6-14 of the Declaration of Michael Kilpatrick (Dkt. No. 371-3). The Court refers to these documents by reference to the paragraph numbers from Dr. Kilpatrick's declaration. As an initial matter, the Court notes that a significant number of the documents produced by the DOD are duplicates either of other documents within the production or of final versions of the documents. The later, documents which are duplicates of final versions previously served on Plaintiffs, are clearly not deliberative. The Court has attempted to identify those documents which are duplicates of other documents in the production; however, this is an extremely laborious process.

**Paragraph 6 Documents**

- Documents 148, 149, 150, 154, 184, 219, 220, 222, 228, 289 all appear to be duplicates of the final version previously produced to Plaintiffs at VET 103_000054-58. Unless Defendant can identify some difference between these documents and the final not readily apparent to the Court, the documents are not deliberative and Defendant shall produce them to Plaintiffs.
- Defendant shall produce unredacted versions of the email strings at 151, 153, and 187. The Court finds that Plaintiffs have a substantial need for these emails sufficient to overcome DOD's qualified claim of privilege.

**Paragraph 7 Documents**

This category of documents consists of discussions regarding the contents of the draft DOD Fact Sheet and Question and Answers, including emails, drafts, and redlined versions of the documents. The Court finds that Plaintiffs have a substantial need for documents in this category sufficient to overcome Defendant's assertion of privilege for the following documents (several of which are duplicates):

3

- Documents 11, 12, 16, 25, 30, 44, 46, 48, 50, 59, 60, 61, 62, 64, 67, 68, 69, 71, 87, 248, 249, 252, 253, 255, 262, 269, 271, 276, 277, 278, 286, 288

**Paragraph 8 Documents**

Plaintiffs' substantial need for Documents 39 and 127 overcomes Defendant's claim of privilege.

**Paragraph 9 Documents**

The majority of the documents in this category are duplicates of the "Edgewood Arsenal Communications Plan" which was apparently not adopted. Given that the unadopted communication plan relates directly to Plaintiffs' notice claim against all the Defendants, Plaintiffs have demonstrated a substantial need for the documents sufficient to overcome the qualified claim of privilege for the following documents:

- 28, 73, 247, 250, 254, 258, 260, 264, and 267

**Paragraph 10 Documents**

Plaintiffs' substantial need for Documents 80 and 162 (duplicate) overcomes Defendant's claim of privilege.

**Paragraph 12 Documents**

Plaintiffs' substantial need for Documents 43 and 297 (duplicate) overcomes Defendant's claim of privilege.

**Paragraph 13 Documents**

Plaintiffs' substantial need for Documents 40 and 299 (duplicate) overcomes Defendant's claim of privilege.

**B.   DVA Documents**

  **1. DVA's April 11, 2012 *in camera* submission**

Defendant DVA's April 11, 2012, *in camera* submission mostly dealt with the February 2008 General Accounting Office ("GAO") Report entitled "Chemical and Biological Defense: DOD and VA Need to Improve Efforts to Identify and Notify Individuals Potentially Exposed during Chemical and Biological Tests." As with Defendant

1  DOD's production, there are several duplicate documents in DVA's production, which the
2  Court has attempted to indicate.

- There are numerous copies of a document entitled "Preliminary Observations of GAO's Review of Project 112 and Other DOD Test Programs that May have Exposed Individuals to Chemical and Biological Substances." The first appears at: DVA078-2665-2680. The Court finds that Plaintiffs have a substantial need for this document sufficient to overcome the privilege.
    - The following all appear to be duplicates: DVA078 002750-2765, 5803-5818, 4442-4457, 3132-3147, 3322-3337. Unless Defendant can demonstrate that these are not duplicates, Defendant shall produce all these documents.
- Following the 2008 GAO report, Defendant was required to provide periodic updates to the GAO regarding the status of issues identified in the report. Defendant's document production includes various documents relating to these updates, many of which appear factual and non-deliberative except for the fact that they are marked DRAFT. The privilege log refers to the GAO 2008 report as the final version of these documents; however, this does not make sense – the final version of the document is not the report which predated the document and gave rise to the document's creation.[1] Given the extreme relevance of the GAO report and any follow-up thereto, the Court finds that to the extent these documents contain deliberative information (which the Court questions), Plaintiffs have a sufficient substantial need for the following documents sufficient to overcome the claim of privilege. Defendant may redact the handwritten notes from these documents.
    - DVA078 5774, 5775-5776, 5777-5778, 5779, 5780, 5781-5782, 5783, 5784-5785, 5786-5787, 2688-2690, 3158-3159, 3160-3162, 3163-3165, 3166-3168, 3169-3171.

---

[1] If this reference on the privilege log was an error and there is an actual final version of these documents, Defendant should inform the Court immediately.

5

- o   Defendant shall also produce a related email: DVA078-5795-5798.
- For the document entitled "The Proposed Annual Report on CBRNE Programs," DVA078 003309-3312, Defendant has indicated that no final version of the documents exists.   The Court finds that to the extent this document is deliberative, upon the Court's review, substantial need exists for the document's disclosure.
- Similarly, Defendant shall produce the document entitled CBRNIAC Task 729 Statement of Work" GAO Quarterly Follow-Up, DVA078 003151-3157.
- The chart entitled Summary of Legislative Proposals, DVA 078 3338-3345, is not deliberative and shall be produced.

**2. DVA's May 4, 2012 *in camera* submission**

Defendant DVA's May 4, 2012 *in camera* submission uses the same subject matter categories as in its prior November 10, 2011 submission.   Specifically, DVA has indicated that its deliberative process documents fall within the following subject areas:

(2)   documents concerning VA Executive correspondence with members of Congress, Veterans Service Organizations, and other federal government agencies;

(3)   documents concerning collaboration between DOD and VA regarding providing notice to test subjects;

(4)   documents concerning the content of VA's notice letter within the Veterans Health Administration;

(5)   documents concerning DOD's "Fact Sheet" regarding VA health care and examinations;

(6)   documents concerning legislative proposals, including draft legislative proposals and analyses of those proposals;

(7)   emails and memoranda discussing drafts of the Under Secretary for Health's Information Letter;

(8)   documents concerning the Veterans Benefits Administration, including draft training letters, outreach reports and meeting summaries, emails regarding

    outreach efforts, drafts of the notification letter to test volunteers, and emails regarding the development of those notification letters; and

(9) documents concerning the Veterans Health Administration ("VHA"), including emails regarding a potential response to congressional inquiry about Edgewood Arsenal and emails discussing the possibility of future registries within VHA.

(Dkt. No. 276, 8:12-9:9).   For ease of reference, the Court uses these same categories and finds that Defendant should produce the documents listed below.  Unless otherwise noted, the Court finds that the documents should be produced despite the claim of privilege based on Plaintiffs' substantial need for the information within the documents, which overcomes the qualified claim of privilege.

**Category Two Documents**

- DVA078 002351-2354, DVA078 2436-2439 (duplicate)
- DVA078 2953-55

**Category Three Documents**

- Defendant has selectively redacted portions of the document entitled "Chemical, Biological, Radiological, Nuclear, and Explosives (CBRNE) Database and Outreach Issues, DVA078 93-94.  Defendant's redactions are not deliberative, but strategic;  Defendant cannot choose to redact the portion of the "Problems Identified" Section it does not want to disclose to Plaintiffs.  Defendant shall produce the document without redactions.  DVA078 106-117 is the same document plus an unredacted chart.
- DVA078 300-301
- DVA078 371-372 – Defendant shall produce an unredacted version.
- DVA078 2335-2339
- DVA078 2658-2659
- DVA078 3173-3174
- DVA078 4216
- DVA078 4696-4707
- DVA078 4739-4746

7

- DVA078 5895-5897
- DVA078 5898-5918 – Defendant indicates that it has been unable to find a final version of this PowerPoint; Defendant shall therefore produce this draft copy. Defendant may redact the handwriting.

**Category Four Documents**

- Defendant has selectively redacted portions of the following documents. Defendant's redactions appear strategic rather than deliberative.
    - DVA078 09-18 is a PowerPoint presentation entitled Edgewood Arsenal Veteran Notification Effort, dated June 2, 2006. Defendant cites the notice letter (VVA-VA023647-23648) for the final version of this document. The letter is not a final version of the PowerPoint and the redacted slides are extremely relevant to Plaintiffs' claims. Defendant shall produce an unredacted copy.
    - DVA078 249-253 Defendant has redacted 4 lines from the meeting minutes. Defendant shall produce the minutes in unredacted form.
- The first 13 pages of Joe Salvatore's PowerPoint presentation "Chemical and Biological Program and Task Force," DVA078 510-564, are identical to the final version produced at VVA-VA 23647-23648; however, at page 14 in the "draft" version a 42-page "Detailed Brief" begins. The detailed brief contains factual information and does not appear deliberative except that it is marked "draft." Even if it were deliberative, the Court would find that Plaintiffs have a substantial need for the remaining pages of the PowerPoint presentation. Defendant shall produce the entire PowerPoint.
- For document DVA078 3349 Defendant has cited VET001_13909-13910 as the final version of the document. The Court was unable to locate VET001_13909-13910 in the accompanying binder of final documents. If no final version of this document exists, Defendant shall produce DVA078 3349 to Plaintiffs. If a final version does exist, Defendant shall produce it to the Court.

8

**Category Six**

The following two documents appear identical, but are similarly illegible because the photocopy cuts off the left side of the document. Defendant shall reproduce the documents to the Court in a legible format.

- DVA078 3366-3368, 4179-4181

**Category Nine**

- Document DVA078 2240 is page 2 of a report about VA investigations of LSD. Defendant shall produce this page and shall produce the accompanying pages to provide context to the extent that the pages are in Defendant's possession.
- Only two of the emails in the email string at DVA078 5842-5848 contain deliberative material. Defendant shall produce the email string, but may redact the two emails from August 29, 2006.

## CONCLUSION

As set forth above, the Court finds that certain documents over which Defendants DOD and DVA have asserted deliberative process privilege are either not deliberative, and thus, not entitled to any protection, or that the qualified deliberative process privilege is overcome by Plaintiffs' substantial need for the documents. Accordingly, Defendant shall produce the documents identified above by May 21, 2012. For those documents about which the Court seeks further information, Defendant DVA shall file a response by May 18, 2012. The Court will issue a further order dealing with the remainder of the *in camera* production forthwith.

**IT IS SO ORDERED.**

Dated: May 14, 2012

_Jacqueline S. Corley_
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE