IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIETNAM VETERANS OF AMERICA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CENTRAL INTELLIGENCE AGENCY, et al.,<br><br>        Defendants. | Case No.: 09-cv-0037 CW (JSC)<br><br>**ORDER RE: REMAINDER OF MAY 1, 2012 *IN CAMERA* SUBMISSION OF DOCUMENTS** |

Defendant Department of Veterans Affairs ("DVA") submitted documents for review *in camera* per the Court's April 6 and May 1, 2012 orders (Dkt. Nos. 408 & 420). On May 14, 2012, the Court issued an interim order regarding its *in camera* review of the documents submitted April 11, 2012 and May 4, 2012. (Dkt. No. 423). The Court has now completed its review of Defendant's *in camera* submission and finds that as to several documents in Defendant's submission the deliberative process privilege does not apply, and in some cases where it does apply, Plaintiffs have a substantial need for the information in the documents sufficient to overcome the qualified deliberative process privilege.

**DISCUSSION**

As noted in the May 14, 2012 interim order, the Court has discussed the deliberative process privilege in numerous prior orders and similarly incorporates the discussion and analysis of the privilege in these prior orders by reference. (Dkt. Nos. 294, 327, 408, 423). However, given the nature of the documents over which Defendant has asserted the deliberative process privilege, the Court finds that it would be helpful to review what the privilege protects.

The deliberative process privilege is a qualified privilege that "permits the government to withhold documents that reflect advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and polices are formulated." Hongsermeier v. Commissioner of Internal Revenue, 621 F.3d 890, 904 (9th Cir. 2010) (internal citations omitted). "To qualify for the privilege, a document must be both (1) predecisional or antecedent to the adoption of agency policy, and (2) deliberative, meaning it must actually be related to the process by which policies are formulated." Nat'l Wildlife Fed'n v. United States Forest Serv., 861 F.2d 1114, 1117 (9th Cir. 1988) (internal quotations and citations omitted). The privilege should be "applied as narrowly as consistent with efficient Government operation." Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 868 (D.C. Cir. 1980).

The deliberative process privilege does not protect "purely factual" material. F.T.C. v. Warner Comms. Inc., 742 F.2d 1156, 1161 (9th Cir. 1984). Similarly, the privilege does not protect communications made after a decision and designed to explain the decision because "the public is vitally concerned with the reasons which [supplied] the basis for an agency policy actually adopted. These reasons, if expressed within the agency, constitute the working law of the agency" and are outside protection. NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 152-53 (1975) (internal quotations and citations omitted). Finally, it is Defendant's burden to demonstrate that the privilege applies. See Coastal States Gas Corp., 617 F.2d at 868 (stating that "the agency has the burden of establishing what deliberative

process is involved, and the role played by the documents in issue in the course of that process").

Here, Defendant relies on the Declaration of John J. Spinelli, Senior Advisor to the Secretary of the Department of Veterans Affairs ("Spinelli Declaration") as the basis for its claim of deliberative process privilege. (Dkt. No. 371-1) The Court has reviewed the Spinelli Declaration and the thousands of pages of related documents submitted for *in camera* review and finds that Defendant has not met its burden to demonstrate that the privilege applies to many of the documents at issue.[1] Indeed, Defendant has claimed the deliberative process privilege over seemingly any document which references the identification of service members subject to chemical and biological testing, notification of these individuals, and claims made by these individuals. In this regard, Defendant has failed to meet its burden of establishing that the documents are both deliberative and predecisional.

Based on the Court's review, Defendant has asserted the privilege over a considerable amount of material that is not deliberative at all; instead, much of the material is factual. A document "does not become a part of the deliberative process merely because it contains only those facts which the person making the report thinks material. If this were not so, every factual report would be protected as a part of the deliberative process." Playboy Enterprises, Inc. v. Department of Justice, 677 F.2d 931, 935 (D.C. Cir. 1982). Accordingly, the Court finds that those documents which merely recount the current status of Defendant's identification, notification, or processing of claims are not protected by the deliberative process privilege where the only thing that renders the communication arguably deliberative is the fact that it was made to another person within the Department of Veterans Affairs.

---

[1] In addition, the Spinelli Declaration lists six documents which do not appear on the privilege log (Dkt. No. 421-1) and which the Court could not locate in the binders submitted for *in camera* review. The Court therefore finds that Defendant has waived any claim of privilege with respect to these documents: DVA078 24-26, 2700-2703, 1867, 2045-2055, 2681 and 4221.

Similarly, Defendant has asserted the privilege over some documents which are not predecisional. Because the government bears the burden of demonstrating that the privilege applies to a particular document, Defendant must identify a specific decision to which the document is predecisional. See Maricopa Audobon Society v. United States Forest Service, 108 F.3d 1089, 1094 (9th Cir. 1997). With respect to several categories of documents Defendant has identified either the September 12, 2006 Training Letter or the June 30, 2006 final notification letter as the decisional document; however, there are several documents within these categories which *post-date* the final notification letter and the training letter.[2] See, e.g., Dkt. No. 371-1, ¶ 14 (DVA078 188-195, dated 7/26/10), ¶15 (DVA078 096-98, dated 3/14/08), ¶17 (DVA078 249-253, dated 4/17/08), ¶32 (DVA078 5866, dated 2/25/09), ¶33 (DVA078 248, dated 3/19/08). Similarly, Paragraph 27 of the Spinelli Declaration seeks to assert the privilege over documents which post-date any 2006 decisions regarding notice and instead relate to "discussions of recommendations by VA employees in the course of formulating VA's approach to conducting outreach to Chem-Bio veterans." (Dkt. 371-1, ¶ 27). These documents are not predecisional, but rather part of the "working law" of the agency. The Court finds that Defendant has not met its burden of demonstrating that the privilege applies to those documents in Paragraph 27 which post-date 2006 and relate to how the agency implements its decisions.

For the remainder of the documents, the Court considered three factors when determining whether the document should be produced despite the claim of privilege. First, Defendant appears to have redacted documents based on the nature of the information it discloses to Plaintiffs rather than because the redactions reflect pre-decisional deliberations. For example, Defendant at times appears to redact the information within a document which is most relevant to Plaintiffs' claims while leaving unredacted portions of the same document

---

[2] The Court nonetheless declines to order production of documents referenced in Paragraphs 14, 15, 17, 32 or 33 solely on this basis because Plaintiffs did not raise this argument. Instead, the Court has reviewed all the documents, and as detailed below, orders Defendant to produce those documents which are not deliberative or for which Plaintiffs have a substantial need.

which detail agency decision-making (and thus are deliberative) but are not relevant. See, e.g., DVA078 0041-0043, 149-150, 214-231, 248, 246-247. This is not how the deliberative process works. Either Defendant is asserting the privilege with respect to pre-decisional deliberations within a document or it is not; it cannot selectively assert the privilege within the same document to shield only the most relevant information. Accordingly, for those documents where Defendant has only redacted a portion of the document to limit the information disclosed to Plaintiffs the Court finds that Defendant has not met its burden of showing that the deliberative process privilege applies.

Second, the Court considered whether there is another means for Plaintiffs to obtain the information within the documents. In many cases, although the document was marked draft, Defendant states that there is either no final version of the document or that Defendant is unable to locate a final version of the document. Without the final versions the Court cannot discern which if any parts of the drafts are predecisional deliberative as opposed to the final version of the decision. Under these circumstances, the draft constitutes the only source for this information, and, as such, Plaintiffs are entitled to relevant draft documents as indicated below.

The third factor the Court considered was whether Plaintiffs have a substantial need for the particular document at issue. Pursuant to F.T.C. v. Warner Comms. Inc., 742 F.2d 1156, 1161 (9th Cir. 1984), the Court considered: 1) the relevance of the evidence, 2) the availability of other evidence, 3) the government's role in the litigation, and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. The documents specified in this Order and the Court's May 14, 2012 Order are extremely relevant to Plaintiffs' bias claim against DVA and their claims against the other Defendants.

In light of the foregoing, the Court finds that Plaintiffs are entitled to the following documents. Except as otherwise noted, Defendant shall produce these documents without redactions unless the redactions are based on another claim of privilege.

**Category 8 Documents re: Veterans Benefits Administration**[3]

- Document DVA078 000041-43: this document is the same as the document previously produced at DVA078 2240. (Dkt. No. 423, p. 9). This time Defendant has included the missing pages of the documents and only redacted selected portions of the document. Defendant's selective redactions are not consistent and appear to redact that which is relevant rather than that which is predecisional deliberative. Defendant shall produce the entire document in unredacted form.
- Document DVA078 00214-231: this 18-page report appears to be a print-out from the PIICS External Oversight Tracking System summarizing 26 outstanding action items in the VA. Defendant has produced the document to Plaintiffs, but redacted the one page that includes relevant information to Plaintiffs and addresses "Need to Improve Efforts to Identify and Notify Individuals Potentially Exposed during Chem/Bio Tests." Although the remainder of the report includes deliberative information regarding the other 25 action items, only this page was redacted. This type of strategic redaction is not consistent with the deliberative process privilege; Defendant shall produce the entire document unredacted. Defendant similarly selectively redacted the following documents, which should be produced in unredacted form:
    - Documents DVA078 00137-138, 00149-150, 00246-247, 00248, 00373-376
- Document DVA078 002005-2007: the submission includes several versions of *signed* notice letters. Although some of these documents vary from the final version identified by Defendant, only some are marked "draft." Defendant represents that it did not maintain copies of the notice letters sent out and the only source for notice letters is if the letter was placed in an individual's claim file. Given the lack of certainty regarding the notice letters and the fact that the notice

---

[3] The Court's May 14, 2012 Order (Dkt. No. 423) addressed the other categories of documents within Defendant's *in camera* submission.

6

process has continued over a period of several years, the Court finds that Plaintiffs are entitled to any signed version of the notice letter.  This includes:

- o  Documents DVA078 002829-2831, 2936-2938, 2582-2583, 2586-2587, 2588-2589, 2615-2616, 3091-3092, 3107-3108, 3111-3112, 3128-3129, 4667-4668

- Document DVA078 002309-2311: the Court has generally found that red-lined drafts are deliberative and protected from disclosure.  However, where, as here, the document at issue constitutes the only version of the document because Defendant has been unable to locate a final version, the Court finds that Plaintiffs' substantial need for the document overcomes the qualified privilege.
- Document DVA078 002469-2471: similarly, because Defendant has been unable to find a final version of this redlined document, the Court orders this draft produced.  Defendant may redact the redlined "questions" in this draft.
- Document DVA078 003181-3217:  similarly, Defendant has been unable to locate a final version of this redlined document entitled "Biennial Report to Congress on VA's Outreach Activities."  Given the relevance of this document to the issues in this case, Plaintiffs have a substantial need for the document.
- Document DVA078 002635-2645:  the submission includes multiple versions (including duplicates) of a redlined document entitled "Outreach Activities," which relates in part to outreach done to putative class members regarding their exposure to chemical and biological weapons.  Because Defendant has been unable to locate a final version of this relevant report, the Court orders Defendant to produce all variations of the report based on Plaintiffs' substantial need for the information within the report.  This includes:
  - o  Documents DVA078 002647-2657, 3243-3253, 3677-3687, 4562-4571
- Document DVA078 002357-2359:   this document is entitled "Department of Veterans Affairs Edgewood Arsenal, Fort Detrick, and Other Location Testing Claims" and is one of several versions of this document included in the

7

submission. There are also several versions of this document relating to Mustard Gas and Lewisite Claims. The documents list the number of claims received as of a particular date and the claim status. The only suggestion that these documents are deliberative is that they are stamped "draft;" however, Defendant has indicated that it is unable to locate the final version of the documents. To the extent that the documents' status as "drafts" makes them deliberative, the Court finds that Plaintiffs have a substantial need for these documents. This includes:

- o Documents DVA078 002360-2364, 2366-2368, 2369-2373, 2577-2579 (duplicate), 3095-3097 (duplicate), 3100-4104 (duplicate).

- Document DVA078 003296-3298: this document is entitled "Processing Mustard Gas/Lewisite Claims." Defendant refers to the mustard gas notice letter as the final version of this document. The notice letter is not a final version of this document. The Court finds that Plaintiffs have a substantial need for this document.

- Document DVA078 004392-4395: this document is an email string responding to an inquiry from a reporter. Defendant has designated the entire document as deliberative; however, the portion of the email from the reporter is not deliberative. Defendant may redact the email to shield the internal, deliberative communications, but otherwise must produce the email to Plaintiffs.

- Document DVA078 005721-5722: this document appears to be an actual notice letter and is thus not deliberative. Defendant may redact the individual's social security number from the document, but otherwise shall produce the document to Plaintiffs.

  - o Similarly, Documents DVA078 005866, 5867, 5868 and 5869-5870 appear to be actual notice letters dated February 25, 2009. Defendant shall produce these documents as well.

- Documents DVA078 005743-5744 and 5745-5746: relate to a claim submitted by a particular individual. Other than the fact that the documents are unsigned, there

8

is nothing to indicate that the documents are drafts. Defendant states that it was unable to find a final version of the documents; however, both documents are marked "To Accompany Folder," which the Court assumes refers to the individual's claim file. Because Defendant should have produced this individual's claim file to Plaintiffs, Defendant should produce these documents as well.

- Document DVA078 004458-4469: this document was illegibly photocopied. Defendant shall reproduce a version of this document to the Court for *in camera* review.
- Document DVA078 004748-4751 is similarly illegible. Defendant shall reproduce a version of this document to the Court for *in camera* review.

As discussed above, Defendant has failed to meet its burden of demonstrating that those documents listed in Paragraph 27 of the Spinelli Declaration which post-date 2006 are predecisional as opposed to the working law of the agency.[4] Accordingly, Defendant shall produce the following documents:

- Document DVA078 157, 210, 262, 3309-3312,[5] 4238, 5747-5749, 5751-5754, 5756-5760, 5764-5765, 5799, 5833

For the remaining documents, the Court finds that to the extent the documents are deliberative, Plaintiffs have a substantial need for the documents sufficient to overcome the qualified deliberative process privilege:

- Document DVA078 0062
- Document DVA078 0073
- Document DVA078 0074
- Document DVA078 00159-163
- Document DVA078 00164-166

---

[4] The Court omits all versions of the March 2009 Disability Compensation Report from this list as that document contains extensive unrelated deliberative material.

[5] The Court could not locate this document in the binders produced for *in camera* review; however, the privilege log indicates that it is a May 14, 2010 memo, which would make it post, rather than predecisional.

- Document DVA078 00176-179
- Document DVA078 00185-187
- Document DVA078 00331-335
- Document DVA078 00338-350
- Document DVA078 00421-427
- Document DVA078 00428-433
- Documents DVA078 00455-484, 3567-3602 (duplicate)
- Documents DVA078 001368-1371, 3603-3606 (duplicate)
- Document DVA078 001761-1796
- Document DVA078 002008-2010
- Document DVA078 002266-2308
- Document DVA078 002374-2380
- Documents DVA078 002382-2391, 002494-2503 (duplicate), 2522-2531(duplicate), 3046-3055 (duplicate)
- Document DVA078 002434-2435
- Document DVA078 002447-2448
- Document DVA078 002449-2452
- Document DVA078 002453-2454
- Document DVA078 002466-2468
- Document DVA078 002486-2493
- Documents DVA078 002514-2521, 2532-2539 (duplicate), 3056-3063 (duplicate)
- Documents DVA078 002549-2558, 3073-3082 (duplicate)
- Document DVA078 002617-2618
- Documents DVA078 002620-2622, 3228-3230
- Document DVA078 002693-2695
- Document DVA078 002821-2824
- Documents DVA078 002926-2930, 2931-2935 (duplicate)
- Document DVA078 002980-2982

- Documents DVA078 003010-3017, 4669-4676 (duplicate)
- Document DVA078 003038-3045
- Documents DVA078 003299-3306, 4193-4200 (duplicate)
- Document DVA078 004204-4206
- Document DVA078 004214
- Document DVA078 004572-4580
- Document DVA078 005766-5768
- Document DVA078 005769-5771
- Document DVA078 005849-5853
- Document DVA078 005864-5865
- Document DVA078 005874
- Document DVA078 005919-5928

**Defendant's Response to the Court's May 14, 2012 Order**

The Court has reviewed Defendants' responses (Dkt. No. 424) to the Court's May 14, 2012 Order and finds as follows.

The differences which Defendant Department of Defense indicates exist between the final version of the document previously produced to Plaintiffs at VET 103_000054-58 and Documents 148, 149, 150, 154, 184, 219, 220, 222, 228, 289 are more semantic than deliberative. Nonetheless, the Court finds that the differences are not material and Plaintiffs do not have a substantial need for the other versions of the document.

Defendant DVA need not produce any further documents in response to the Court's May 14, 2012 Order except as otherwise noted herein.

## CONCLUSION

As set forth above, the Court finds that certain documents over which Defendant has asserted the deliberative process privilege are either not deliberative, and thus, not entitled to any protection, or that the qualified deliberative process privilege is overcome by Plaintiffs' substantial need for the documents. Accordingly, Defendant shall produce to Plaintiffs the

1  documents identified above by May 30, 2012.  Defendant shall also serve the Court will
2  readable copies of the documents identified as illegible by May 30, 2012.
3  **IT IS SO ORDERED.**
4  Dated: May 23, 2012

                                                                _____
                                                                 JACQUELINE SCOTT CORLEY
                                                                 UNITED STATES MAGISTRATE JUDGE