IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIETNAM VETERANS OF AMERICA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CENTRAL INTELLIGENCE AGENCY, et al.,<br><br>  Defendants. | Case No.: 09-cv-0037 CW (JSC)<br><br>**ORDER RE: PLAINTIFFS' MOTION TO COMPEL (Dkt. No. 447)** |

Now pending before the Court is Plaintiffs' Motion to Compel Discovery from Defendant Department of Veterans Affairs ("DVA"). (Dkt. No. 447). The Court previously deemed the matter submitted without a hearing pursuant to Civil Local Rule 7-1(b). Having considered the parties filings and having reviewed the documents at issue *in camera*, the Court GRANTS the motion in part.

**DISCUSSION**

Plaintiffs' Motion to Compel challenges Defendant DVA's assertion of the deliberative process privilege over documents identified in its June 13, 2012 privilege log, and seeks reimbursement for Plaintiffs' out-of-pocket costs associated with the resumed

depositions of Joe Salvatore and David Abbot. (Dkt. No. 447). In accordance with the Court's June 22, 2012 Order establishing a briefing schedule regarding this motion, Defendant submitted the disputed documents for review *in camera* on June 28, 2012. (Dkt. Nos. 456, 461).

### A. Deliberative Process Privilege Documents

The Court has discussed the deliberative process privilege in numerous prior orders and incorporates the discussion and analysis of the privilege from these prior orders by reference. (Dkt. Nos. 294, 327, 408, 423, 430, 436, 443). The Court will nonetheless briefly address two of the arguments Defendant raises in its opposition to Plaintiffs' motion. Defendant generally argues that Plaintiffs have not met their burden of demonstrating substantial need for the documents because: 1) the documents are legally irrelevant to any claim in this case, and 2) the discovery sought is cumulative.

Defendant's first argument, that the discovery is legally irrelevant, is unpersuasive. Defendant contends that the Court must reevaluate the relevance of the documents to Plaintiffs' facial bias claim against DVA in light of recent decisions by the Ninth Circuit and United States Supreme Court. Defendant further seeks to have the Court defer consideration of this motion to compel until after District Judge Wilken rules on DVA's pending Motion for Leave to File a Motion for Reconsideration and Plaintiffs' pending Motion to Substitute (both of which raise issues regarding these new cases and Plaintiffs' facial bias claim). The Court declines to do so because the Court finds that a ruling on these motions would not be dispositive of the question of whether Plaintiffs have a substantial need for this discovery. The documents at issue are equally relevant to Plaintiffs' claims regarding the other Defendants; specifically, much of this discovery relates to whether the other Defendants failed to provide adequate notice to test participants including notice of the chemicals to which they were exposed and any known health effects. The documents at issue herein and addressed in the Court's prior Orders regarding the deliberative process are squarely relevant to this claim.

The Court finds Defendant's second argument, that the Court has previously failed to consider whether this discovery is cumulative, similarly unavailing.  Under F.T.C. v. Warner Comms. Inc., 742 F.2d 1156, 1161 (9th Cir. 1984), the Court's analysis of substantial need considers: 1) the relevance of the evidence, 2) the availability of other evidence, 3) the government's role in the litigation, and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions.  Defendant appears to be arguing that second factor, concerning the availability of other evidence, incorporates a cumulativeness analysis akin to that of Federal Rule of Civil Procedure 26. See Fed. R. Civ. P. 26(b)(2)(C)(i) (stating that a Court may limit the scope of discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"). Defendant thus contends that any further discovery from the DVA is cumulative because Plaintiffs already have "an abundance of information and documents" regarding the notification, claims, and verification processes.

    The Court agrees that considerable discovery has been provided on this subject; however, having reviewed the thousands of pages of documents submitted for *in camera* review, the Court notes that these processes are far from clear or consistent, and in fact, seem to have undergone numerous modifications over time.  See, e.g., U.S. GOV'T ACCOUNTABILITY OFFICE, GAO-08-366, CHEMICAL AND BIOLOGICAL DEFENSE: DOD AND VA NEED TO IMPROVE EFFORTS TO IDENTIFY AND NOTIFY INDIVIDUALS POTENTIALLY EXPOSED DURING CHEMICAL AND BIOLOGICAL TESTS (2008) (discussing issues with notification, claims, and verification processes).  Accordingly, the Court finds that Plaintiffs have satisfied Warner's test for establishing substantial need – the documents sought are both relevant and unavailable from other sources given that the documents reflect processes which have evolved over time.[1]

---

[1] The Court has discussed the other two factors at length in prior orders.  (See, e.g., Dkt. Nos. 294, 430).

Thus, having reviewed all of the documents submitted for *in camera* review on June 28, 2012, the Court finds that with respect to the following documents either 1) the deliberative process privilege does not apply, or 2) Plaintiffs have demonstrated a sufficient substantial need to overcome the qualified deliberative process privilege.

### 1. Documents to be produced

The Court finds that the following documents are largely factual and not deliberative. To the extent that they contain deliberative information, the Court finds that Plaintiffs have a substantial need sufficient to overcome the qualified deliberative process privilege.

- DVA097 0554-0557 – DVA appears to have produced this document in redacted form. The Court sustains the claim of privilege to the emails, but finds that the attachment, if not already provided in unredacted form, is not deliberative and should be produced.
- DVA097 0134-0136
- DVA097 0539-0540
- DVA097 0157-0158

Defendant describes the following documents as predecisional deliberative documents of either the mustard gas training letter or the Edgewood Arsenal notice letter; however, these documents post-date the documents to which they are said to be deliberative. Thus, these documents are not predecisional, but rather part of the "working law" of the agency. (Dkt. No. 430 at p. 4). Accordingly, the Court finds that Defendant has not met its burden of demonstrating that the privilege applies to the following documents which post-date the stated predecisional document and instead relate to how the agency implements its decisions.

- DVA090 0472-0475 – this document is dated March 7, 2007 and is purportedly predecisional of a document dated June 30, 2006.
- DVA 090 0635-0637 – this document is dated September 29, 2007 and is purportedly predecisional of a document dated June 30, 2006.
- DVA090 0419-0426 – this document is dated August 29, 2005 and is purportedly predecisional of a document dated March 28, 2005.

4

- DVA097 0125-0133 – this document is dated August 8, 2005 and is purportedly predecisional of a document dated March 28, 2005.

The following documents concern the process for providing notice to either the Mustard Gas or Edgewood Arsenal test subjects. Defendant indicates that these documents pre-date the final decisions regarding outreach to these two groups and states that those decisions were memorialized in the notice letter and/or training letter. As an initial matter, the Court notes that neither the notice letter nor the training letter seem to constitute a final version of many of these documents. Instead, many of these documents appear to be internal status updates or summaries of notification efforts, some of which are marked as draft, which were presumably finalized and distributed within DVA. See, e.g., DVA090 0369-0370, DVA097 0260-0273, DVA097 0275-0278. To the extent that there is no final version of these documents, the Court finds that Plaintiffs have a substantial need for the documents sufficient to overcome the qualified claim of privilege. Further, much of the information in these documents is factual rather than deliberative. Accordingly, Defendant shall produce the following documents.

- DVA090 0369-0379
- DVA090 0256-0257
- DVA097 0260-0273
- DVA097 0275-0278
- DVA097 0279-0281
- DVA097 0286-0288

Similarly, the Court finds that Plaintiffs have a sufficient substantial need for the information contained in the following documents to overcome the qualified deliberative process privilege.

- DVA090 0251
- DVA097 0187
- DVA097 0188-189
- DVA-97 0522-533 – Defendant may redact the private personal information.

- DVA090 0226-0228
- DVA097 0121-0124
- DVA097 0208-0209 – Defendant may redact that portion of the document covered by the attorney client privilege, which the Court understands includes the email sent on February 9, 2005 and the one sent on February 10, 2005 at 10:30 a.m.
- DVA097 0291-0322 – Defendant shall produce the draft notice letters at 0314-0322.

The following documents all appear to be correspondence with the Mustard Gas Mailbox or correspondence that the Court would expect to be routed through the Mustard Gas Mailbox. The Court previously ordered Defendant to produce the Mustard Gas Mailbox; as such, the Court is confused by the assertion of the deliberative process privilege at this stage. (Dkt. No. 408 at p. 8). Nonetheless, the Court finds that to the extent these documents are deliberative, Plaintiffs have a substantial need for the information sufficient to overcome the qualified deliberative process privilege. Defendant shall produce the following documents, but may redact the private personal information (social security numbers).

- DVA097 074
- DVA097 075-076
- DVA097 077-078
- DVA097 079-080
- DVA097 081
- DVA097 083
- DVA097 087
- DVA097 092-094
- DVA 097 0221-0222
- DVA097 0223-0224
- DVA097 0225
- DVA097 0246
- DVA097 0290

6

- DVA097  0514-0516
- DVA101 01-03
- DVA097 084-085
- DVA097 088-089

Defendant has identified the following documents as deliberative documents regarding a mustard gas white paper.  The Court is not aware of a mustard gas white paper and the binder of final documents submitted to the Court does not contain such a document.  To the extent there is no final version of the white paper, the Court finds that Plaintiffs have a substantial need for the following draft documents, which are largely factual.  If Defendant has the final version of the mustard gas white paper, Defendant shall submit it to the Court.

- DVA097 357-368
- DVA097 392-410 – Defendant need only produce DVA097 404-410.
- DVA097 0411-0412
- DVA097 0426-0428

Similarly, DVA097 0171-0174 is described as "redlined deliberative edits regarding DOD's potential certification of the mustard gas database."  (Dkt. No. 460-1 at p. 14).  Defendant did not provide a copy of the final certification and instead states that the "signed version of the certification may be available at the National Archives and Records Administration."  (Id.)  Based on the information before the Court, the Court finds that the redlines on the draft are minor and to the extent they can be said to be deliberative, Plaintiffs have a substantial need for the information therein sufficient to overcome the claim of privilege.  Accordingly, Defendant shall produce this document to Plaintiffs.

**B. Costs for Salvatore and Abbot Depositions**

In March of 2012, Plaintiffs brought a Motion to Compel seeking to resume the depositions of Joe Salvatore and David Abbot.  (Dkt. No. 404).  The Court granted Plaintiffs leave to resume the deposition of Joe Salvatore for a total of three hours based on the volume of evidence relating to Mr. Salvatore which was produced following the Court's review of the first set of documents over which Defendant asserted the deliberative process privilege.

(Dkt. No. 406 at pp. 14-15). Plaintiffs also sought to resume Mr. Abbot's deposition based on Defendant's discovery of his user file on an old VA server following his deposition and following the close of fact discovery. Because neither party had reviewed the documents on the server file at that time, the Court found that the request was premature as to Mr. Abbot.[2] (Dkt. No. 406 at p. 15). The documents referenced above and reflected on the June 13, 2012 privilege log are at least in part the contents of Mr. Abbot's user file.

Plaintiffs now seek reimbursement of the costs of resuming the Salvatore and Abbot depositions. Plaintiffs base their request on a statement in the Court's May 1, 2012 Order discussing the prejudice which ensued from Defendant's production of the February 2012 privilege log following the close of fact discovery. The Court stated in a footnote that "the question of remedy" for this prejudice was not before the Court. (Dkt. No. 420 at p. 3). Plaintiffs characterize this as an "invitation" and state that "[p]ursuant to the Court's May 1, 2012 Order, Plaintiffs respectfully request the remedy that Defendants reimburse Plaintiffs' costs involved in resuming the depositions of the two DVA deponents, Mr. Salvatore and Mr. Abbot." (Dkt. Nos. 447 at p. 9; 463 at p. 4). To the extent that the Court's May 1, 2012 Order may be read as an invitation to do anything, it was an invitation to file a proper request for relief relying on the pertinent legal authority. See, e.g., Fed. R. Civ. P. 37. The Court's reference to a remedy is not a basis for relief in and of itself. The Court therefore denies Plaintiffs' request for costs.

**CONCLUSION**

Accordingly, Plaintiffs' Motion to Compel (Dkt. No. 447) is GRANTED in part. As set forth above, the Court finds that certain documents over which Defendant DVA has asserted the deliberative process privilege are either not deliberative, and thus, not entitled to any protection, or that the qualified deliberative process privilege is overcome by Plaintiffs' substantial need for the documents. Defendant shall produce the documents identified above by July 27, 2012. If Defendant has a final version of the mustard gas white paper, Defendant

---

[2] The Court subsequently ordered Defendant to make Mr. Abbot, who is no longer a government employee, available for a further deposition of no more than 3.5 hours. (Dkt. No. 456).

shall provide it to the Court by July 27, 2012; if not, Defendant shall produce to Plaintiffs the related draft documents discussed above on that same date.

Plaintiffs request for costs related to the resumed depositions of Joe Salvatore and David Abbot is DENIED.

**IT IS SO ORDERED.**

Dated: July 19, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE