IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VIETNAM VETERANS OF AMERICA;
SWORDS TO PLOWSHARES: VETERANS
RIGHTS ORGANIZATION; BRUCE PRICE;
FRANKLIN D. ROCHELLE; LARRY
MEIROW; ERIC P. MUTH; DAVID C.
DUFRANE; TIM MICHAEL JOSEPHS; and
WILLIAM BLAZINSKI, individually,
on behalf of themselves and all
others similarly situated,

        Plaintiffs,

   v.

CENTRAL INTELLIGENCE AGENCY;
DIRECTOR of the Central
Intelligence Agency; UNITED
STATES DEPARTMENT OF DEFENSE;
LEON E. PANETTA, Secretary of
Defense; UNITED STATES DEPARTMENT
OF THE ARMY; JOHN M. MCHUGH,
United States Secretary of the
Army; UNITED STATES OF AMERICA;
ERIC H. HOLDER, Jr., Attorney
General of the United States;
UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS; and ERIC K.
SHINSEKI, United States Secretary
of Veterans Affairs,

        Defendants.

_____/

No. C 09-0037 CW

ORDER GRANTING
DEFENDANTS' MOTION
TO SEAL
(Docket No. 498)

    Defendants have filed an administrative motion seeking to

file under seal Exhibits 61 through 66 of the Declaration of

Joshua E. Gardner submitted in support of their opposition to

Plaintiffs' motion for partial summary judgment and their cross-

motion for summary judgment.  Docket No. 498.  Plaintiffs have

submitted a declaration in support of the Defendants' motion to

seal.  Docket No. 499.

    Defendants' filings are connected to a dispositive motion.

Because Plaintiffs designated the documents at issue as

confidential, they must file a declaration establishing that the documents are sealable.  Civil Local Rule 79-5(d).  To do so, Plaintiffs "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'"  <u>Pintos v. Pac. Creditors Ass'n</u>, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted).  This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal.  Civil Local Rule 79-5(a).

Plaintiffs represent that Exhibits 61 through 64 contain excerpts of deposition testimony of absent class members and that Exhibits 65 and 66 are their supplemental responses to Defendants' Interrogatories 19 and 21, which identify certain absent class members.  Plaintiffs state that these exhibits should be maintained under seal because "they contain information relating to the privacy and/or past, present, or future physical or mental health or condition of persons not specifically made public in the Complaint in this action."  Patterson Decl. ¶ 3.  Plaintiffs also note that this Court has previously sealed excerpts of testimony from the same deponents.  <u>Id.</u> (citing Docket Nos. 352 at 2; 381 at 3).  Accordingly, Plaintiffs have provided compelling reasons to support the sealing of Exhibits 61 through 66.

For the reasons set forth above, Defendants' motion to file under seal is GRANTED.  In accordance with General Order 62,

within four days of the date of this Order, Defendants shall electronically file Exhibits 61 through 66 under seal.

IT IS SO ORDERED.

Dated: 1/16/2013

CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California