IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIETNAM VETERANS OF AMERICA, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CENTRAL INTELLIGENCE AGENCY, et al.,<br><br>    Defendants.<br>_____/ | No. CV 09-0037-CW<br><br>ORDER REGARDING DEFENDANT DEPARTMENT OF ARMY'S MARCH 6, 2014 REPORT |

    On November 19, 2013, this Court entered an order granting in part and denying in part Plaintiffs' motion for summary judgment and granting in part and denying in part Defendants' cross-motion for summary judgment. Docket No. 544. Specifically, the Court granted Plaintiffs' motion for summary judgment on their APA notice claim "to the extent that Plaintiffs seek to require the Army to warn class members of any information acquired after the last notice was provided, and in the future, that may affect their well-being, when that information becomes available." Docket No. 544 at 71. The Court also entered an injunction regarding such "Newly Acquired Information." Docket No. 545.

    Defendants filed a motion to stay enforcement of the injunction pending the resolution of their appeal to the Ninth Circuit. The Court denied the motion on February 5, 2014.

1 Defendants also sought a stay from the Ninth Circuit, which the
2 Ninth Circuit denied on February 20, 2014.
3   The injunction required Defendant Department of the Army to
4 file, within ninety days of the date of entry, a report describing
5 its efforts to locate Newly Acquired Information, describing any
6 information located, outlining its plan for disseminating, within
7 120 days of the date of entry, that information to the class
8 members entitled to notification, and outlining the plans and
9 policies developed for periodically collecting and transmitting
10 Newly Acquired Information that becomes available in the future.
11 The Army filed its report on March 6, 2014.
12   Much of the report concerns the Army's actions prior to this
13 lawsuit and prior to the Court's injunction. See Army Report
14 Docket No. 561. This information does nothing to satisfy the
15 Army's obligations under the injunction. With respect to efforts
16 to locate Newly Acquired Information and to disseminate it to the
17 class members entitled to notification, the Army describes a
18 "multi-step process." Id. at 9. As described, this process
19 includes four or five steps to locate Newly Acquired Information,
20 each of which will take at least "several weeks." Id. at 9-11.
21   The Court finds that this plan is unduly time-consuming and
22 vague. At the time it entered the injunction, the Court
23 contemplated that ninety days would be a sufficient amount of time
24 for the Army to search for and create a plan for disseminating
25 information. Instead, at the end of the ninety-day period, the
26 Army has stated that it is "currently undertaking measures to
27 determine the magnitude of the project" and estimates that this
28 determination will take "several weeks." Id. at 9-11.

2

1  Accordingly, the Court directs the Army to file a revised plan.
2  The revised plan should have as its first step a method for
3  determining whether the Army has in its possession any Newly
4  Acquired Information that has not yet been disseminated.  Although
5  the Army states that it is unaware of any such information in its
6  possession and goes to lengths to describe its past efforts to
7  collect and disseminate information, it does not describe any
8  effort to confirm the lack of information in its possession since
9  the entry of the injunction.[1]  Moreover, the plan must include an
10 actual timeline for completion of the search for Newly Acquired
11 Information.

12       With respect to the Army's plans for "periodically collecting
13 and transmitting Newly Acquired Information that becomes available
14 to it," Injunction ¶ 4(e), the Army states, "Key Army leaders
15 within Army Medical Command will be tasked to inform the Army
16 Surgeon General or his/her designee(s) of 'Newly Acquired
17 Information,' within their commands and area of responsibility."
18 Army Report Docket No. 561 at 12.  The Court finds that this plan
19 lacks specificity.  The Army must identify the job titles of these
20 "[k]ey Army leaders" and explain what it means to have Newly
21 Acquired Information "within their commands and area of
22 responsibility."

---

[1] As discussed below, the Army proposes that, going forward, "[k]ey Army leaders" will be responsible for monitoring the receipt of any Newly Acquired Information.  Assuming that the Army is able to identify these "[k]ey Army leaders," it could survey them to determine whether any of them currently possesses any Newly Acquired Information that must be disseminated.

3

The Court directs the Army to file a revised report addressing the issues discussed above within fourteen days of the date of this order.

IT IS SO ORDERED.

Dated: 4/2/2014

CLAUDIA WILKEN
United States District Judge