IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIETNAM VETERANS OF AMERICA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CENTRAL INTELLIGENCE AGENCY, et al.,<br><br>  Defendants. | Case No. 09-cv-00037-CW<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES<br><br>(Dkt. Nos. 603 & 615) |

Pursuant to the stipulation regarding Plaintiffs' Motion for Attorneys' Fees and Expenses and service awards, the Court orders the parties to comply with the stipulation and to that extent grants Plaintiffs' motion. The Court finds Plaintiffs' attorneys' stipulated fees to be reasonable. The hours claimed are well-supported and the rates are those allowed under the Equal Access to Justice Act (EAJA). See generally, Docket No. 603-2. Plaintiffs' Bill of Costs is sufficiently itemized and the costs they are seeking are statutorily permitted under 28 U.S.C. § 1920 or the EAJA. Docket No. 604. The Court further finds Plaintiffs' attorneys' fees to be reasonable because they were substantially discounted from the original total amount of $20 million down to $4.5 million using the statutory EAJA rates and discounting hours. This amount was further reduced to the stipulated amount of $3.4 million.

This was a class action. Pursuant to Rule 23(b)(2)(A), "the court may direct appropriate notice to the class" of attorneys'

fees requests for Rule 23(b)(2) classes.  The Court finds that Plaintiffs' counsels' posting of the motion papers on the class website, see Docket 616-1, Declaration of James Bennett, ¶ 5, was sufficient notice for purposes of Rules 23(h) & 23(b)(2)(A).

"A class member . . . may object to the motion" for attorneys' fees.  Fed. R. Civ. P. 23(h).  Plaintiffs Bruce Price, Djina Meirow (on behalf of decedent Larry Meirow), and Frank Rochelle have sent letters expressing various opinions.  See Docket Nos. 619, 620 & 621.  However, these letters do not appear to object to the attorneys' fees and costs.

Service awards to class representatives compensate them for the work they have done for the class, for the financial or reputational risk they have undertaken in bringing the action, and for their willingness to act as a private attorney general. In re Mego Financial Corp. Securities Litig., 213 F.3d 454, 463 (9th Cir. 2000); Rodriguez v. West Publishing Corp., 563 F.3d 948, 958-959 (9th Cir. 2009).  Requests for service awards may be evaluated using the following five factors: (1) the risk to the class representative in commencing a class action, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation.  Van Vranken v. Atlantic Richfield Co., 901 F. Supp. 294, 299 (N.D. Cal. 1995).

Plaintiffs have sought a total of $160,000 total in service awards, or $20,000 per named Plaintiff for their work in this

litigation. Some courts in this district have found payments of $10,000 or $25,000 to be "quite high" and outside the $5,000 amount presumed to be reasonable. Harris v. Vector Marketing Corp., No. C-08-5198 EMC, 2012 WL 381202, at * 7 (N.D. Cal. Oct. 22, 2014) (summarizing authority). However, the Court finds the circumstances here warrant this amount. Specifically, given the lengthy duration of this litigation spanning almost a decade, Plaintiffs' participation in discovery and hearings, along with their participation with the media, and because their service awards will not prejudice the other class members and is unopposed by Defendant, the Court finds $20,000 per named Plaintiff to be reasonable and proper here. See In re: Nat'l Collegiate Athletic Ass'n, 14-md-2541-CW, 2017 WL 6040065, at *11 (N.D. Cal. Dec. 6, 2017) (approving award of $20,000); see id. at *11, n.69 (summarizing cases with service awards ranging from $20,000 up to $120,000 in instances of a $415 million dollar settlement fund). Plaintiffs' letters to the Court request that the service awards be higher or that they be tax-free. As noted above, the service awards are higher than what is presumptively reasonable in this District and a higher amount will not be ordered. The request for a change in tax treatment is not within the jurisdiction of the Court.

Plaintiffs' letters also request a formal apology and express concerns over whether Defendants will abide by the injunction. These are not valid objections to the motion for attorneys' fees and costs and service awards. Ordering an apology is likewise not within the jurisdiction of the Court. If Defendants do not abide by the injunctions, class counsel will

bring that to the Court's attention. Lastly, Plaintiffs' concern that this payment of fees would not constitute an "admission of liability or fault" to the issues litigated here, Docket 615 at 2-3, is misplaced. This provision is unrelated to the Court's findings and has "no impact on the injunctions, judgment, and relief ordered by the Court" provided to Plaintiffs here. Id. at 2.

IT IS SO ORDERED.

Dated: October 4, 2018

CLAUDIA WILKEN
United States District Judge